IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

T<small>ANK</small> C<small>ONNECTION</small>, LLC,

    Plaintiff,

v.              Case No. 13-1392-JTM

J<small>OHN</small> R. H<small>AIGHT</small>,

    Defendant,

USA T<small>ANK</small> S<small>ALES</small> & E<small>RECTION</small>
C<small>OMPANY</small>, I<small>NC</small>.,

    Relief Defendant.

MEMORANDUM AND ORDER

  Plaintiff Tank Connection, LLC filed this lawsuit alleging that its former employee, defendant John R. Haight, had taken sensitive information about the company with him after terminating his employment. Tank Connection named Haight's new employer—USA Tank Sales & Erection Company, Inc.—as a relief defendant, alleging that although the company has no interest in the outcome of the case, it "is appropriately designated a relief defendant because it has in its possession confidential information misappropriated by Haight and is necessary to afford proper relief to Tank Connection." The court now has before it USA Tank's Motion to Dismiss (Dkt. 57), which seeks dismissal of USA Tank from this case as a relief defendant.

**I. Background**

  Tank Connection is a Kansas limited liability company in the business of designing, manufacturing, installing and servicing above-ground tanks for the storage

of dry and liquid products. Its principal office is located in Labette County, Kansas. Defendant Haight is a Neosho County, Kansas resident. He was employed by Tank Connection from July 28, 2008, to September 12, 2013. He resigned unexpectedly from his position as Tank Connection's international sales manager and began work for USA Tank the following day. USA Tank is a direct competitor of Tank Connection in the above-ground tank business.

While working at Tank Connection, Haight had access to confidential information about pricing, costs, customer lists, engineering and design plans, lists of pending jobs ("hot lists"), corporate strategies, and other unique methods Tank Connection used to do business. As part of his employment with Tank Connection, Haight promised to keep this information confidential and not disclose it to third parties without prior written permission from Tank Connection. Haight signed a non-disclosure agreement on July 28, 2008, confirming his promise.

After announcing his resignation on September 12, 2013, Haight told Tank Connection management that he had returned all company property in his possession. However, Tank Connection alleges Haight took with him six or more computer flash drives that held confidential design and pricing programs. After receiving calls from Tank Connection, Haight returned three flash drives that he claimed to have discovered in his briefcase after leaving. Haight stated that he did not have any proprietary or confidential information in his possession.

Haight had used a company laptop computer while he was employed at Tank Connection. Tank Connection performed a preliminary forensic examination of the

laptop's hard drive after Haight resigned. The examination indicated that Haight had copied confidential information from his laptop onto a flash drive that was not one of those returned. After receiving a letter from counsel for Tank Connection, Haight returned one more thumb drive. This new thumb drive did not contain the confidential material that had been copied from Haight's work laptop.

Tank Connection performed a second forensic examination of the laptop hard drive. Tank alleges that this examination showed that on the two days before he resigned, Haight had remotely accessed the company computer server, searched the confidential files of two company officers and viewed highly sensitive pricing, design, personnel, cost, hot lists and other confidential information. The examination indicated that Haight had copied the images displayed on the monitor of his computer when he accessed these files.

Tank Connection hired BKD, LLP, to perform a third forensic examination. BKD's examination revealed that two other flash drives had been attached to the laptop's ports in the final days before Haight's resignation. These flash drives are not any of the four Haight returned to Tank Connection.

Tank Connection filed its complaint on October 18, 2013, alleging Haight breached his employment contract and duty of loyalty and violated the Kansas Uniform Trade Secrets Act and the Computer Fraud and Abuse Act. Tank Connection believes that Haight copied its confidential information to provide himself with an advantage in his employment with USA Tank. Tank Connection claims it is highly likely that the information Haight copied has been incorporated into USA Tank's computer system or

is otherwise in its possession for use by Haight. On November 1, 2013, the court granted Tank Connection's request for a Temporary Restraining Order, restricting USA Tank from destroying or using this confidential information and requiring USA Tank to immediately forensically image its hard drives and deliver the results to the Receiver. *See* Dkt. 9.

Tank Connection does not allege any wrongdoing by USA Tank. Tank Connection stated in its complaint that it does not know whether USA Tank is aware of the use of this confidential information. Regardless, Tank Connection designated USA Tank as a relief defendant, arguing it is necessary to afford proper relief because USA Tank has this information in its possession. USA Tank seeks to be dismissed as a relief defendant, arguing that Tank Connection fails to state a claim against it.

**II. Legal Standard – Motion to Dismiss for Failure to State a Claim**

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint must give the defendant adequate notice of what the plaintiff's claim is and the grounds of that claim. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

"In reviewing a motion to dismiss, this court must look for plausibility in the complaint . . . . Under this standard, a complaint must include 'enough facts to state a claim to relief that is plausible on its face.' " *Corder v. Lewis Palmer Sch. Dist. No. 38*, 566 F.3d 1219, 1223–24 (10th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

4

misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (clarifying and affirming *Twombly*'s probability standard). Allegations that raise the specter of mere speculation are not enough. *Corder*, 566 F.3d at 1223–24. The court must assume that all allegations in the complaint are true. *Twombly*, 550 U.S. at 589. "The issue in resolving a motion such as this is 'not whether [the] plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims.' " *Bean v. Norman*, No. 008-2422, 2010 WL 420057, at *2, (D. Kan. Jan. 29, 2010) (quoting *Swierkiewicz*, 534 U.S. at 511).

## III. Analysis

USA Tank argues that its designation as a relief defendant in this case is improper. It asserts that the concept of a relief defendant is only used in cases where a government agency seeks to freeze the funds of a third party after such funds were obtained illegally and conveyed to that third party. USA Tank relies on two factors distinguishing this case from one where a relief defendant might be used. First, Tank Connection is a private company rather than a government agency. Second, Tank Connection alleges that USA Tank possesses misappropriated confidential information rather than ill-gotten funds. USA Tank argues that no court has allowed a private litigant to designate a third party as a relief defendant on the chance that it may be in possession of the plaintiff's property.

Tank Connection argues that joining USA Tank as a relief defendant adheres to a common-law equitable concept that finds its roots in the Federal Rules of Civil Procedure. Citing Rule 20, Tank Connection argues that a party that is innocently in

possession of property not belonging to it can be joined to facilitate the return of the property to the party entitled to it. Tank Connection cites case law to argue that a relief defendant is simply a defendant that is not accused of any wrongdoing but is believed to be in possession of the subject matter of the litigation. According to Tank Connection, USA Tank fits this description, so it is properly designated a relief defendant in this case.

"A relief defendant is a concept that has arisen in case law involving government agencies seeking an extension of claims against wrongdoers to *in rem* relief against wrongfully taken or ill-gotten assets." *In re Mouttet*, 493 B.R. 640, 657 (Bankr. S.D. Fl. 2013). "A relief defendant, sometimes referred to as a 'nominal defendant,' has no ownership interest in the property that is the subject of litigation but may be joined in the lawsuit to aid the recovery of relief." *Janvey v. Adams*, 588 F.3d 831, 834 (5th Cir. 2009) (citing *SEC v. Cavanagh,* 445 F.3d 105, 109 n. 7 (2d Cir. 2006)). "A relief defendant is not accused of wrongdoing, but a federal court may order equitable relief against such a person where that person (1) has received ill-gotten funds, and (2) does not have a legitimate claim to those funds." *Id.* (citing *SEC v. Colello,* 139 F.3d 674, 677 (9th Cir. 1998)).

In this case, USA Tank appears to fit the definition of a relief defendant only if interpreted broadly: a defendant in possession of misappropriated property with no legitimate claim to the property. However, the plaintiff is a private party rather than a government agency. "[T]here is no court in the country that has recognized that a private party litigant has the right to include relief defendants in a lawsuit." *In re*

6

*Mouttet*, 493 B.R. at 657. Indeed, the Tenth Circuit cases involving relief defendants were brought by government agencies. *See SEC v. Shields*, 744 F.3d 633 (10th Cir. 2014); *U.S. Commodity Futures Trading Comm'n v. Lee*, 445 Fed. App'x 126 (10th Cir. 2011). Tank Connection's response to the motion provides no precedent for a private plaintiff naming a party as relief defendant. Indeed, every case cited by Tank Connection involves an enforcement action by the Securities and Exchange Commission. *See SEC v. Smith*, 710 F.3d 87 (2d Cir. 2013); *SEC v. Cavanagh*, 155 F.3d 129 (2d Cir. 1998); *SEC v. Cherif*, 933 F.3d 402 (7th Cir. 1991). In effect, the court finds no support in Tank Connection's briefs or in the results of its own research for the argument that the use of a relief defendant in this case finds precedence in the common law.

Tank Connection's reference to Rule 20 is also less than dispositive. Rule 20, the rule setting forth the requirements for permissive joinder, states:

> Persons...may be joined in one action as defendants if any ***right to relief*** . . . aris[es] out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action. Neither a plaintiff nor a defendant need be interested in obtaining or defending against all the relief demanded.

Fed. R. Civ. P. 20(a)(2)-(3) (emphasis added). It is unclear whether Tank Connection has established the requisite "right to relief" found in Rule 20. Tank Connection's complaint specifically states that "it is not known whether USA Tank is aware" of Haight's misappropriation of the sensitive information and that "USA Tank has no interest in the outcome of this case." Even so, if USA Tank has possession of the information allegedly

misappropriated by Haight, this might be sufficient to establish Tank Connection's right to relief against USA Tank.

The property at issue is another distinguishing factor when compared with a normal relief defendant case. The digital information at issue in this case is not like the financial property government agencies freeze or disgorge from relief defendants. Money can be spent or transferred and may be hard to trace, and it must be returned to make a party whole. In this case, Tank Connection has not lost this information; it was allegedly copied rather than stolen. Returning copied files to Tank Connection does very little, practically, as far as relief. More important to Tank Connection is that the information is no longer in the hands of Haight, who might profit from using it to compete against Tank Connection. As USA Tank argues in its brief, no case has been brought against a relief defendant based on non-financial property. Is this a meaningful distinction?

Regardless of the answer to these questions, the court finds that this case is an inappropriate vehicle to establish the first private lawsuit to employ a relief defendant. This is because the relief sought against USA Tank is duplicitous of the relief sought against Haight. At this point, the remaining relief Tank Connection seeks against USA Tank is return of all its property. But Tank Connection also seeks this relief from Haight. If Tank Connection is successful in its claims against Haight, there is no further relief to be gained from USA Tank. In other words, if Haight is forced to return the flash drives and documents, then there is nothing to gain from USA Tank.

The parties do not dispute the fact that Tank Connection alleges no wrongdoing and asserts no claims against USA Tank. The result is that Tank Connection fails to state a claim against USA Tank.

IT IS THEREFORE ORDERED this 25th day of June, 2014, that USA Tank's Motion to Dismiss (Dkt. 57) is granted.

s/ J. Thomas Marten<br>
J. THOMAS MARTEN, CHIEF JUDGE