UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| TANK CONNECTION, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| JOHN R. HAIGHT, | ) Case No. 13-cv-1392-JTM-TJJ |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant John R. Haight's Motion to Compel Discovery (ECF No. 60). He requests an order under Fed. R. Civ. P. 37 compelling Plaintiff to produce the confidential information and trade secrets that form the basis of Plaintiff's claims against him, as sought by his First Requests for Production Nos. 3, 4, and 5. For the reasons set forth below, the motion is granted in part, subject to specific limitations. Plaintiff shall supplement or amend its responses to Request Nos. 3, 4, and 5 at the time and in the manner directed herein.

**I.      Factual Background**

In this misappropriation of trade secrets action, Plaintiff Tank Connection, LLC alleges that Defendant Haight took trade secrets and confidential information from Plaintiff, his former employer, prior to his resignation. Because the confidential information alleged to have been taken was originally in an electronically stored or digital format, and therefore could easily be transported and reproduced, Plaintiff sought a temporary restraining order to protect and preserve the confidential information allegedly misappropriated by Defendant Haight and believed to be in the possession of his new employer, Plaintiff's competitor, former "relief defendant" USA

Tank Sales & Erection Company, Inc. ("USA Tank").[1]  After conducting an ex parte hearing on October 31, 2013, the Court entered an ex parte Temporary Restraining Order (ECF No. 9) enjoining Defendants Haight and USA Tank from destroying or utilizing the property of Plaintiff, including all originals and copies of tangible and electronically stored information ("ESI").  The Court also appointed a Receiver and ordered Defendant Haight to deliver to the Receiver any personal computer, cellphone, portable thumb drive, hard disk drive, and all other electronic devices or storage media in his actual or constructive possession, capable of storing or sending ESI.

On November 21, 2013, after receiving permission for expedited discovery, Defendant Haight served his First Requests for Production of Documents on Plaintiff.  On December 17, 2013, the parties filed a Stipulation (ECF No. 45) agreeing that Plaintiff's deadline to respond to Defendant Haight's discovery requests was stayed pending the parties' Fed. R. Civ. P. 26(f) planning conference.  On January 24, 2014, the Court entered an order setting a March 4, 2014 deadline for the parties to conduct their Rule 26(f) planning conference. Plaintiff served its responses to Defendant Haight's discovery requests on April 2, 2014 (ECF No. 56).

The undersigned Magistrate Judge held telephone scheduling conferences on March 25 and June 12, 2014.  At the conclusion of the June 12 conference, the undersigned Magistrate Judge advised the parties that she might request some additional information from the parties before ruling on Defendant's Motion to Compel.  After further reviewing the motion and related briefing, the Court has determined that it needs no further input from the parties in order to rule on the instant motion.

---

[1] "Relief Defendant" USA Tank was dismissed from the action on June 25, 2014 (ECF No. 75).

**II.     Discovery Sought**

Defendant Haight seeks an order compelling Plaintiff to produce information responsive to First Requests for Production Nos. 3, 4, and 5.  These three Requests, respectively, ask for all "confidential information," "trade secrets," and "other information" that form the basis of Plaintiff's claims against Defendant Haight, including, but not limited to:

> information pertaining to [Plaintiff's] designs, design processes and programs, design methods and techniques, assembly methods, processes, and techniques, pricing, pricing methods and supporting software, costing, vendor lists, customer lists and contacts, engineering and design documents, business plans, budgets, pending jobs which are also known as "hot lists," requests for proposals, requests for bid, prospect lists, bid information, financial information, personnel, compensation and bonus plans, strategies, corporate strategies, corporate strategy meeting notes, marketing strategies, business strategies, and other unique methods of doing business.[2]

Plaintiff objected to the Requests on the grounds that they fail to describe with reasonable particularity the items sought, are overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, as the disputed Requests could potentially be seeking every document or item that ever mentioned or contained any of Plaintiff's confidential and proprietary information and trade secrets. Plaintiff further objected that the information sought is not relevant to any defense of Defendant Haight for any purpose, and he cannot demonstrate a need for this information.  Plaintiff also objected that under Fed. R. Civ. P. 26(c)(7), discovery of trade secrets should either be limited or not permitted at all.

Plaintiff argues in its response brief that the classification of its property and information, generally, is not at issue in this case. Rather, the issue in the case, Plaintiff contends, is limited to whether the information now in Defendants' possession meets the trade secret definition. According to Plaintiff, as the only information at issue is information already possessed by

---

[2] Ex. B to Def. Haight's Mot. to Compel (ECF No. 60-2) at 1–3.

Defendant Haight, he does not need the requested information to defend against the claims in this case. In other words, Plaintiff reasons that the issue is whether the information in Defendant Haight's possession is Plaintiff's trade secret and/or confidential information, not whether Plaintiff generally has trade secrets and confidential information.

The Court first addresses Plaintiff's objections that Request Nos. 3, 4, and 5 are overly broad and seek irrelevant information because the only relevant information already would have been in Defendant Haight's possession, which has now been turned over to the Receiver. Plaintiff has described in the Complaint the information it believes that Defendant Haight accessed and misappropriated prior to his resignation. Pursuant to the temporary restraining order entered by the Court, Defendant Haight delivered the ESI referenced in the Complaint, and related ESI storage devices, into the custody of the appointed Receiver.

Under Fed. R. Civ. P. 26(b)(1)(C)(i), the Court must limit the extent of discovery if "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Here, the Court finds that the discovery sought by Defendant Haight will very likely be duplicative of information already in the custody of the Receiver. Defendant Haight should already know what information he turned over to the Receiver, while Plaintiff has not yet reviewed that information. As the parties are still in the process of working out an agreed set of ESI protocols and search targets/parameters for reviewing the ESI in the custody of the Receiver and have not yet reviewed that information, Plaintiff cannot at this point determine what information believed to have been taken by Defendant Haight is not already in the custody of the Receiver. Because Plaintiff does not yet know the particular information Defendant Haight has delivered to the Receiver, Plaintiff should not be compelled at this time to produce information responsive to

Defendant Haight's Request Nos. 3, 4, and 5 that may be duplicative of information Defendant Haight has already turned over to the Receiver. The Court will therefore postpone the timing and manner in which Plaintiff must respond to Request Nos. 3, 4, and 5.

At this time, Plaintiff will not be compelled to produce its confidential information, trade secrets, and other information sought by Request Nos. 3, 4, and 5. Although the Court finds these Requests to seek relevant information that Defendant Haight will need to defend himself in this action, the Court also agrees with Plaintiff that the Requests are overly broad in that they require Plaintiff to produce information that Defendant Haight has already delivered into the custody of the Receiver. Based upon this overbreadth objection, Plaintiff will instead be required to just <u>identify</u>—by filename or other appropriate identifier—all responsive ESI discovered in the custody of the Receiver. The Court finds the disputed discovery requests are otherwise sufficiently narrowed to only confidential information, trade secrets, and other information "that form the basis of Plaintiff's claims against Defendant Haight."

The Court will therefore grant Defendant Haight's Motion to Compel, in part. After Plaintiff completes its review of the ESI in the custody of the Receiver, and in no event later than **September 15, 2014**, Plaintiff shall supplement its responses to Defendant Haight's Request Nos. 3, 4, and 5 as follows: (a) by <u>identifying</u>—by filename or other discernible appropriate identifier—all responsive ESI discovered in the custody of the Receiver; and (b) by <u>producing</u> all responsive confidential information, trade secrets, and other information "that form the basis of Plaintiff's claims against Defendant Haight," if any, that were not discovered in the Receiver's custody.

Any concerns with respect to Plaintiff producing its trade secret or confidential information to the employee of a business competitor can be adequately addressed by the

Stipulated Protective Order (ECF No. 71) already entered in the case or by a modified protective order with further restrictions on who can view and disclose Plaintiff's trade secrets or confidential information.

**IT IS THEREFORE ORDERED THAT** Defendant Haight's Motion to Compel (ECF No. 60) Plaintiff to produce confidential information, trade secrets, and other information responsive to Defendant Haight's First Requests for Production Nos. 3, 4, and 5 is granted in part, subject to limitations, as set forth herein.

**IT IS FURTHER ORDERED THAT** each party shall bear its own expenses related to the motion.

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas, on this 9th day of July 2014.

*s/ Teresa J. James*
Teresa J. James
United States Magistrate Judge
