UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TANK CONNECTION, LLC,

*Plaintiff,*

vs.

Case No.  13-1392-JTM

JOHN R. HAIGHT,

*Defendant.*

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DISCOVERY**

**I.      STATEMENT OF THE NATURE OF THE MATTER BEFORE THE COURT**

John Haight is the former Director of International Sales for Tank Connection. As an employee of Tank Connection and pursuant to the Non-Disclosure Agreement he executed in July 2008, Mr. Haight had a duty to protect confidential information and the trade secrets that he was exposed to during his employment.   The information Mr. Haight was exposed to and his duty to protect that information was critical to Tank Connection.   Mr. Haight misappropriated confidential and trade secret information from Tank Connection before he went to work for USA Tank Sales & Erection Company, Inc., a competitor of Tank Connection. Mr. Haight surreptitiously accessed files on the Tank Connection computer server that contained confidential and trade secret information.

The information misappropriated by Mr. Haight forms the core of Tank Connection's business operation, product manufacturing, and sales. The information is unique to Tank Connection and its possession by anyone else in the industry enables the possessor to unfairly and illegally compete with Plaintiff.

## II.     CONCISE STATEMENT OF FACTS

1.  On September 13, 2013, counsel for Tank Connection sent a letter to Mr. Haight regarding Tank Connection's concern about confidential information in Mr. Haight's possession.  Doc 1, ¶ 24, Exhibit 2 attached to Doc. 1.

2. On October 18, 2013, Tank Connection initiated this action seeking injunctive relief and damages. Doc. 1.

3.  Paragraph 11 of Tank Connection's Complaint for Injunctive Relief and Damages ("Complaint") states:

> When Haight began his employment with Tank Connection, he knew that he would be privy to confidential information belonging to Tank Connection. That confidential information included such things as pricing, costs, customer lists, engineering and design plans, lists of pending jobs known as "hot lists," and corporate strategies, as noted above. Haight promised that he would keep this information confidential and not disclose it to third parties, such as USA Tank, without prior written permission from Tank Connection.  Haight confirmed his promise in writing by signing a Non-Disclosure Agreement dated July 28, 2008. Exhibit 1. The agreement was signed in Labette County, Kansas. Haight has never received written permission to disclose confidential information to third parties.  *Id.*

4.  Paragraph 12 of the Complaint states:

> The Employee Handbook for Tank Connection also requires employees to protect from disclosure confidential company information and to return all company property upon termination.  *Id*.

5.  Paragraph 42 of the Complaint states:

> Haight violated those agreements in the following ways:

> a.     Illegally accessing the company computer server and searching the private files of individual management employees containing confidential and highly sensitive information belonging to Tank Connection.

> b.     Illegally copying and misappropriating that information.

2

      c.      Illegally disclosing and using that information in his subsequent employment with USA Tank in competition with Tank Connection.

6.  On November 25, 2013, Mr. Haight filed his Answer of Defendant John Haight.  Doc. 38.

7.  In paragraph 11 of his answer, Mr. Haight stated, "Defendant Haight was required to sign a 'Non-Disclosure Agreement' anticipating that he would be exposed to proprietary information."  *Id.* at ¶ 11.

8.  On October 24, 2014, Tank Connection provided Mr. Haight with its Expert Disclosure.  Doc. 92.

9.  On November 25, 2014, Tank Connection served Plaintiff's First Request for Production of Documents to Defendant ("Requests"), First Request for Admission to Defendant ("Admissions"), and Plaintiff's First Set of Interrogatories to Defendant ("Interrogatories").  Doc. 97.

10.  On December 23, 2014, Mr. Haight served his responses to Plaintiff's Interrogatories, Requests for Production, and Admissions.  Doc. 104, Exhibits A, B, and C.

11.  Mr. Haight's responses to interrogatories 1 and 2, document production requests 2, 3, 6, 11, 12, 13, 16 and 18, and admissions requests 2, 5, 7, 8, 9, 10, and 11 were deficient.  *See* January 13, 2015 golden rule letter from Holly M. Perkins to Christopher Burger attached as Exhibit D.

12.  On January 13, 2015, in response to Mr. Haight's deficient responses, counsel for Tank Connection provided counsel for Mr. Haight with a golden rule letter.  *Id.*

13.  On January 20, 2015, counsel for Tank Connection sent counsel for Mr. Haight another email communication regarding the deficient discovery responses.  See January 20

3

email from Holly M. Perkins to Christopher F. Burger attached as Exhibit E.

14.  On January 26, 2015, Mr. Haight produced 40 documents in response to Tank Connection's discovery requests.

15.  On January 26, 2015, counsel for Mr. Haight emailed counsel for Tank Connection additional discovery responses including statements that Mr. Haight "does not have permission for Plaintiff to dig through USA's work files..." See January 26 email from Christopher F. Burger to Holly M. Perkins attached as Exhibit F.

16.  On January 28, 2014, counsel for Mr. Haight emailed counsel for Tank Connection regarding Tank Connection's request for information regarding Tank Connection customer lists and USA Tank's refusal to grant Mr. Haight "permission" to provide information.  See January 28 email from Christopher F. Burger to Holly M. Perkins attached as Exhibit G.

## III.   CONFERRING

The Declaration and Certification is attached as Exhibit H.

## IV.   STATEMENT OF THE QUESTION BEFORE THE COURT

Whether the Court should issue an order directing Mr. Haight to provide complete answers to document production requests 3, 11, 12, 13, 16 and 18; and admission requests 2, 5, 7, 8, 9, 10, and 11.

## V.   ARGUMENTS AND AUTHORITIES

Discovery responses and objections must be well grounded in fact and law.  *See McCoo v. Denny's Inc.*, 192 F.R.D. 675, 698, No. 98-2458-RDR, 698, 2000 U.S. Dist. LEXIS 6155, at *66 (D. Kan. April 18, 2000).  Mr. Haight's objections are misleading and not grounded in law or fact.  Mr. Haight provides no legal support for his objections.

### A.      Plaintiff's First Request for Production of Documents to Defendant

Mr. Haight's duty to protect confidential information and the trade secrets that he was exposed to during his employment with Tank Connection is a critical element of Tank Connection's claims.

### 1.      *Request no. 3*

Request no. 3 asked for:

> All correspondence, including emails, between you and USA Tank regarding your prospective employment with USA Tank, including attachments and any documents that reference the correspondence.

Exhibit B. Instead of answering request no. 3, Mr. Haight provided the following objection:

> OBJECTION.  The Request seeks items not reasonably calculated to lead to the discovery of admissible evidence, nor can Plaintiff demonstrate how such information is relevant to its claims against the Defendant.  Plaintiff has no need of any correspondence regarding Mr. Haight's employment with USA Tank, and this request is only made to be overly burdensome and further propagate Plaintiff's campaign of intimidation against Mr. Haight.

*Id*.  Mr. Haight has provided some documents responsive to this request.  The documents provided did not include documents such as Mr. Haight's executed employment agreement. It has been communicated to Tank Connection that Mr. Haight does not have a copy of his executed employment agreement and USA Tank Sales & Erection Company, Inc. ("USA Tank") will not provide him with the information.  Additionally, USA Tank objected to providing Tank Connection with documents regarding Mr. Haight's employment.  See Objections of Non-Party USA Tank Sales & Erection Company, Inc. To Third-Party Subpoena in a civil action attached as Exhibit I, ¶¶ 2-3.

"Relevancy is broadly construed, and a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim

or defense of any party.   Consequently, a request for discovery should be allowed 'unless it is clear that the information sought can have no possible bearing' on the claim or defense of a party." *Millennium Mktg. Group v. Simonton Bldg. Prods.*, No 08-2198-JWL-DJW, 2009 U.S. Dist. LEXIS 67624, at *23, 2009 WL 2407723 (D. Kan. Aug. 4, 2009) (citations omitted).

Tank Connection's claims against Mr. Haight concern actions related to the taking of confidential information with the ability to harm Tank Connection's competitive advantage if disclosed to Tank Connection's competitors. Mr. Haight became an employee of USA Tank, a direct competitor of Tank Connection, immediately following his resignation from Tank Connection. The communications Tank Connection has requested are clearly relevant and have bearing on the claims made by Tank Connection. Tank Connections requests that the Court order either Mr. Haight or USA Tank to produce the requested correspondence.

### 2.     *Requests no. 3 and 11.*

As provided above, Mr. Haight's objections to request no. 3 included the following statement:

> Plaintiff has no need of any correspondence regarding Mr. Haight's employment with USA Tank, and this request is only made to be overly burdensome and further propagate Plaintiff's campaign of intimidation against Mr. Haight.

Exhibit B. Request no. 11 stated:

> All of your diaries, calendars and planners (including electronic) from July 1, 2013 through December 31, 2013.

*Id*. Instead of answering request no. 11, Mr. Haight provided the following objection:

> OBJECTION.   Plaintiff already has possession of all diaries, calendars and planners utilized by Mr. Haight during his employment.   This request is only made to be overly burdensome and further propagate Plaintiff's campaign of intimidation against Mr. Haight, and is not calculated to lead to the discovery of admissible evidence.

6

*Id*.   Mr. Haight also objected to the request for his calendar because "Mr. Haight does not have permission for Plaintiff to dig through USA's work files.  TC is already in possession on the TC calendars et al.  Again, USA Tank has objected to providing any relevant communication regarding Mr. Haight and is preventing Mr. Haight from providing responsive documents to Tank Connection."

The party asserting the objection has "'the burden to show facts justifying [its] objection by demonstrating that the time or expense involved in responding to requested discovery is unduly burdensome.'"  *Shoemake v. McCormick*, 10-2514-RDR, 2011 U.S. Dist. LEXIS 131736, 9, 2011 WL 5553652 (D. Kan. Nov. 15, 2011) (citing *G.D. v. Monarch Plastic Surgery*, No. 06-2184-CM, 2007 U.S. Dist. LEXIS 5509, 2007 WL 201150, at *2 (D. Kan. Jan. 22, 2007)).  Mr Haight must show "'not only undue burden or expense, but that the burden or expense is unreasonable in light of the benefits to be secured from the discovery.'" *Id* (citing *Heartland Surgical Specialty Hosp. v. Midwest Div., Inc.*, No. 05-2164-MLB, 2007 U.S. Dist. LEXIS 80182, 2007 WL 3171768, at *2 (D. Kan. Oct. 29, 2007)).  This imposes an obligation "'to provide sufficient detail in terms of time, money and procedure required to produce the requested documents.'" *Id*. "Any objections that discovery is unduly burdensome must contain a factual basis for the claim, *Barnes v. Akal Sec., Inc.*, No. 04-1350-WEB, 2005 U.S. Dist. LEXIS 33262, 2005 WL 3359717, at *2 (D. Kan. Dec. 9, 2005) and the objecting party must usually provide an 'affidavit or other evidentiary proof of the time or expense involved'" in responding to the discovery request.  *Id* (citing *Sonnino v. Univ. of Kan. Hosp. Auth.*, 220 F.R.D. 633, 653 (D. Kan. 2004)).

Mr. Haight has not met this obligation to show that the requested discovery is unduly burdensome.  Mr. Haight's objections do not provide any of the facts justifying the objection,

and he cannot. These requests were made to determine if Mr. Haight violated his Non-Disclosure Agreement and provided USA Tank with Tank Connection's proprietary and confidential information. They contain nothing intimidating in nature, and they are appropriately limited in scope. Tank Connection requests that the Court order Mr. Haight or USA Tank to respond to request no. 11.

3.      <em><strong>Requests no. 6, 12, and 13.</strong></em>

Request no. 6 asked for:

> Documents that relate or pertain to any communication by you or USA Tank with current customers of Tank Connection, other than correspondence with your attorneys.

Exhibit B. Instead of answering request no. 6, Mr. Haight provided the following objection:

> OBJECTION. The use of the term "customers" is vague and ambiguous in the context of bidded work, and Mr. Haight requires Plaintiff to identify whom they intend to include within that category before any response can be considered. Objecting and responding further, such information is not within Mr. Haight's control.

*Id*. In response to Mr. Haight's objections and in an effort to confer, Tank Connection provided the following clarification to request no. 6:

> Please provide all documents that relate or pertain to any communication by Mr. Haight or USA Tank with companies that Mr. Haight knows have contracts with Tank Connection or companies that Mr. Haight knew had contracts with Tank Connection during his employment.

*See* Exhibit D. On January 26, Mr. Haight provided the following response "Mr. Haight does not have permission for Plaintiff to dig through USA's work files, especially since he cannot identify any documents that would be responsive." Exhibit F, ¶ 6.

Request no. 12 stated:

> Any and all lists or other documents listing current or previous customers of Tank Connection.

8

Exhibit B. Instead of answering request no. 12, Mr. Haight provided the following

objection:

> OBJECTION.  The use of the term "customers" is vague and ambiguous in the
> context of bidded work, and Mr. Haight requires Plaintiff to identify whom they
> intend to include within that category before any response can be considered.
> The request also fails to specify a time period or person in possession, and thus
> is vague, ambiguous and unduly burdensome.  Understanding it to ask for lists
> created from Tank Connection documents, the answer is none.  *Id.*

In response to Mr. Haight's objections and in an effort to confer, Tank Connection provided the

following clarification to request no. 12:

> Please provide all documents in Mr. Haight's possession that contain lists of
> companies who Mr. Haight knows have contracts with Tank Connection or
> companies that Mr. Haight knew had contracts with Tank Connection during his
> employment.

*See* Exhibit D.   On January 26, Mr. Haight provided the following response "The answer

remains 'none.'"  Exhibit F, ¶ 12.

> Request no. 13 stated:

> All correspondence, including emails, discuss current or previous customers of
> Tank Connection, other than correspondence with your attorneys.

Exhibit B.  Instead of answering request no. 13, Mr. Haight provided the following objection:

> OBJECTION.  The use of the term "customers" is vague and ambiguous in the
> context of bidded work, and Mr. Haight requires Plaintiff to identify whom they
> intend to include within that category before any response can be considered.
> The request is also irrelevant, overbroad, does not define the scope of
> recipients, and is not calculated to lead to the discovery of admissible evidence.
> *Id.*

In response to Mr. Haight's objections and in an effort to confer, Tank Connection provided the

following clarification to request no. 13:

> Please provide all correspondence in Mr. Haight's possession from January 1,
> 2013 through the present, including emails, discussing companies who Mr.
> Haight knows have contracts with Tank Connection or companies that Mr.

9

Haight knew had contracts with Tank Connection during his employment.

*See* Exhibit D. On January 26, Mr. Haight provided the following response "Mr. Haight does not have permission for Plaintiff to dig through USA's work files, especially since he cannot identify any documents that would be responsive." Exhibit F, ¶ 13.

On January 28, Mr. Haight's counsel sent the following email:

> I confirmed with John about lists and his marketing with USA Tank. All objections remain, but we are trying to facilitate this process so this supplement is subject to the objections.

> First, he confirmed that he has no lists of "customers" nor has he created any. Considering that TC has somehow searched John's USA laptop contrary to the Protocols and TRO and come up with absolutely nothing, this seems readily confirmed by the evidence before your client.

> Second, the issue of his marketing with USA Tank is a USA issue and they would need to give permission to disclose everyone with whom John has had contact. That being said, John has not spoken with anyone (that he is aware of) that is under a current contract with TC for such products. It is entirely plausible that bids that are submitted overlap with bids submitted by TC, but those are facts that he does not know about since he does not know with whom TC is submitting bids. It is also entirely plausible that he has communicated with friends or persons who have never had contracts with TC, but have communicated with TC in the past. These contingent possibilities seem so obvious as to not require mentioning, but I know TC is desperately looking for the nonexistent evidence of damage, so I want to try to anticipate them. In any event, none of that is actionable or leads to any admissible evidence.

Exhibit G.  Although, counsel have conferred regarding requests nos 6, 12, and 13.  Mr. Haight has maintained his objections and is trying to narrow the scope of the documents requested. For example, Mr. Haight continues to only refer to customers "under a current contract with TC" Exhibit G.

Mr. Haight is obliged to "'exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized in interrogatories.'" *McCoo v. Denny's Inc.*, No. 98-2458-RDR, 2000 U.S. Dist. LEXIS 6155, 55 (D. Kan. April 18, 2000).  Mr. Haight again fails to

meet his burden of providing support for his boiler plate objection that the term "customers" is vague and ambiguous. *Id* ("'The party objecting to discovery as vague or ambiguous has the burden to show such vagueness or ambiguity.' *Pulsecard, Inc. v. Discover Card Services, Inc.*, 168 F.R.D. 295, 310 (D. Kan. 1996)").

Mr. Haight was employed with Tank Connection for over 5 years in a sales capacity. As an employee of Tank Connection, Mr. Haight had first hand knowledge of Tank Connection's customers. Mr. Haight should be able to exercise reason and common sense to attribute the ordinary definition to the term "customers." Tank Connection has also provided Mr. Haight with a definition of the term "customers," requesting information regarding companies who Mr. Haight knows have contracts with Tank Connection or companies that Mr. Haight knew had contracts with Tank Connection during his employment. *See* Exhibit D. Nothing about the requested information is vague or ambiguous.

Mr. Haight also fails to provide any legal reasoning for his demand that Tank Connection provide a list of its customers prior to Mr. Haight providing responsive documents. Mr. Haight should be able to provide responsive documents based on his personal knowledge.

Mr. Haight also objects to request no. 6 on the basis that the information sought is not within Mr. Haight's control. *See* Exhibit B.

Mr. Haight also objects to request no. 12 because the "request also fails to specify a time period or person in possession, and thus is vague, ambiguous and unduly burdensome." *Id.* In an effort to address Mr. Haight's objection, Tank Connection clarified that it was looking for documents in Mr. Haight's possession. *See* Exhibit D. Moreover, as discussed above, Mr. Haight has not met his burden providing the necessary factual support as to why this request is unduly burdensome.

Finally, Mr. Haight's response is not responsive to the request. The request is not limited to lists created from Tank Connection documents. Tank Connection did not place a limitation on how the documents were created. It seeks all responsive documents, no matter how created, that are in Mr. Haight's possession. Mr. Haight states that he has no lists of "customers" nor has he created any. Exhibit G. Tank Connection questions the accuracy of this answer considering Mr. Haight continues to create his own definition of customers as a customer that Tank Connection currently has a contract with.

Mr. Haight also objects to request no. 13, stating that the request is irrelevant, overbroad, does not define the scope of recipients, and is not calculated to lead to the discovery of admissible evidence. Exhibit B. In its effort to confer with Mr. Haight, Tank Connection narrowed the request to seek correspondence, including emails, from January 1, 2013, through the present discussing companies who Mr. Haight knows have contracts with Tank Connection or companies that Mr. Haight knew had contracts with Tank Connection during his employment; Tank Connection further clarified that it seeks only such correspondence in Mr. Haight's possession. *See* Exhibit D. Emails discussing Tank Connection's customers are relevant to the litigation. As discussed above, relevance is broadly construed and a request should be "considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party." *Millennium Mktg. Group v. Simonton Bldg. Prods.*, 2009 U.S. Dist. LEXIS 67624, 23, 2009 WL 2407723 (D. Kan. Aug. 4, 2009). Information regarding Tank Connection's customers is at the core of this lawsuit. The information requested falls within the broad discovery scope.

Again, both Mr. Haight and USA Tank are refusing to provide responsive documents. Tank Connection seeks an order compelling the production of responsive documents.

12

### 4.     *Requests no. 16.*

Request no. 16 stated:

> All correspondence, including emails, between you and current or former Tank Connection customers pertaining to Tank Connection's designs, design processes and programs, design methods and techniques, assembly methods, processes, and techniques, pricing, pricing methods and supporting software, costing, vendor lists, customer lists and contacts, engineering and design documents, business plans, budgets, pending jobs which are also known as "hot lists", requests for proposals, requests for bid, prospect lists, bid information, financial information, personnel, compensation and bonus plans, strategies, corporate strategies, corporate strategy meeting notes, marketing strategies, business strategies, and other unique methods of doing business, from September 12, 2013 to present, including attachments and any documents that reference the correspondence.

Exhibit B. Instead of answering request no. 16, Mr. Haight provided the following objection:

> OBJECTION.  The request is irrelevant, overbroad and does not define the scope of recipients.  Mr. Haight does not who Tank Connection considers its customers or how such correspondence would lead to the discovery of relevant evidence. *Id.*

In response to Mr. Haight's objections and in an effort to confer, Tank Connection provided the

following clarification to request no. 16:

> In an effort to confer, the following clarification is being provided: Please provide all correspondence, including emails from Mr. Haight, from September 11, 2013 through the present, to Tank Connection customers who Mr. Haight knows currently have contracts with Tank Connection or that during his employment with Tank Connection, Mr. Haight knew had contracts with Tank Connection that pertain to Tank Connection's designs, design processes and programs, design methods and techniques, assembly methods, processes, and techniques, pricing, pricing methods and supporting software, costing, vendor lists, customer lists and contacts, engineering and design documents, business plans, budgets, pending jobs which are also known as "hot lists", requests for proposals, requests for bid, prospect lists, bid information, financial information, personnel, compensation and bonus plans, strategies, corporate strategies, corporate strategy meeting notes, marketing strategies, business strategies, and other unique methods of doing business, including attachments and any documents that reference the correspondence.  *See* Exhibit D.

On January 26, Mr. Haight again objected because "Mr. Haight does not have permission for

Plaintiff to dig through USA's work files, especially since he cannot identify any documents that would be responsive." Exhibit F, ¶ 16.   The modified request clarifies any questions Mr. Haight had regarding the scope of recipients.  Again, the subject of this litigation is whether Mr. Haight has disclosed any of Tank Connection's trade secrets and proprietary information. Tank Connection's trade secrets and proprietary information include its designs, design processes and programs, design methods and techniques, assembly methods, processes, and techniques, pricing, pricing methods and supporting software, costing, vendor lists, customer lists and contacts, engineering and design documents, business plans, budgets, pending jobs which are also known as "hot lists," requests for proposals, requests for bid, prospect lists, bid information, financial information, personnel, compensation and bonus plans, strategies, corporate strategies, corporate strategy meeting notes, marketing strategies, business strategies, and other unique methods of doing business.  This information is contained on the files that Mr. Haight surreptitiously accessed on the Tank Connection computer server.  Such information contained in any communication from Mr. Haight to Tank Connection customers from September 11, 2013, through the present meets the broad definition of relevance as it pertains to discovery.

        **C.**        **Requests for Admissions.**

Counsel for Tank Connection and Mr. Haight have discussed the request for admissions and are unable to reach a compromise.  Mr. Haight objected on January 26, stating "[w]e cannot agree to revisions to the substance of admissions.  Those portions that could reasonably be responded to, were.  Otherwise, your clarifications are entirely new requests for admissions." Exhibit F.  The modifications in an attempt to confer are not new requests, but instead are an attempt to confer.  Tank Connection requests an order compelling Mr.

14

Haight to respond.

       **1.**     ***Admissions nos. 1, 2, 3, 4, 6, 7, 11, 13 - 21.***

Admission no. 1 stated:

> On  September 11, 2013, you attached a removable USB device bearing serial number 08021903C719D1050 ("USB Device") to the laptop provided to you by Tank Connection for use during your employment with Tank Connection ("Haight Laptop").

Exhibit C. Instead of answering admission no. 1, Mr. Haight provided the following objection

and unresponsive answer, which he incorporated into his responses to admissions nos. 1, 2,

3, 4, 6, 7, 11, 13 - 21:

> OBJECTION. The admission assumes a fact not in evidence, namely that a USB device has an assigned serial number, and that there would be any way or reason for Mr. Haight to know the number assigned to a USB device. Understanding the request to seek an admission that Mr. Haight has misappropriated trade secrets through a USB device, the request is Denied. Please also see Nos. 2 and 12 below.

Exhibit C.

       The request makes no assumptions and plainly does not request an admission that Mr.

Haight has misappropriated trade secrets through a USB device.  It seeks admission or denial

by Mr. Haight regarding whether he attached the USB device bearing serial number

08021903C719D1050 to his laptop.  In the September 28, 2014 report, Lanny Morrow

identifies a USB device bearing the serial number  08021903C719D1050 as being attached to

Mr. Haight's Tank Connection laptop at approximately 5:29 p.m. and again at 10:06 p.m. *See*

p. 3, ¶ *3* of Lanny Morrow's September 28, 2014 report attached as Exhibit J.  Mr. Morrow

further explains that the user of the Haight Laptop accessed various files and directories from

the device, after they were copied from the Haight computer.  *Id*. at p. 4, ¶ 4.  The USB device

bearing serial number 08021903C719D1050 was provided to the receiver.  To date the USB

15

device bearing serial number 08021903C719D1050. This USB device has not been provided to BKD for analysis nor was it provided by Mr. Haight to the Receiver. *Id.* at p. 4, ¶ 8.

In response to Mr. Haight's objections and in an effort to confer, Tank Connection provided the following clarification to admission no. 1:

> If Mr. Haight is unable to determine whether the USB device he attached to his laptop had the serial number 08021903C719D1050 then Tank Connection responses to Requests Nos. 1, 2, 3, 4, 6, 7, 11, 13 - 21 regarding any thumb drive or memory stick, not just the USB device bearing serial number 08021903C719D1050.

*See* Exhibit D. To date, Tank Connection has not received a substantive answer to the initial or modified request for admission. Tank Connection requests that the Court to order Mr. Haight to appropriately respond to admissions nos. 1, 2, 3, 4, 6, 7, 11, 13 - 21.

### 2.    *Admission no. 2.*

Admission no. 2 stated:

> On September 11, 2013, after you attached the USB Device to the Haight Laptop, you accessed various Tank Connection files and directories.

Exhibit C. Instead of answering admission no. 2, Mr. Haight provided the following objection and unresponsive answer:

> Please see No. 1. Objection is made that without identification of the alleged files and directories, a substantive response cannot be made, but is limited to the regular operations within Plaintiff and anecdote. Objection is made that the admission ignores the routine, accepted and public use of external storage devices within Plaintiff as a normal course of conduct and business. Objection is made that the admission assumes a connection between a USB and access. Admitted that Mr. Haight was on his laptop and the public folders on September 11 ,2013, like he was every working day.

*Id.*

Tank Connection is not obliged to specify the files and directories referenced in admission no. 2 any further than already identified. If Mr. Haight accessed any of Tank

Connection's files or directories after attaching a USB Device to his laptop, the requested

admission should be answered in the affirmative; if he did not, it may be answered in the

negative. Any routine, accepted and public use of external storage devices has no impact on

the requested admission. And the admission does not assume anything regarding a connection

between a USB and access.  The information sought is clear: on September 11, 2013, did Mr.

Haight attach a USB Device to the Haight Laptop and then access various Tank Connection files

and directories?   Tank Connection seeks an order compelling Mr. Haight to provide a

substantive answer to this question.

### 3.    Admission no. 5 and 7.

Admission no. 5 stated:

> A directory named Business Plans, Budgets, ETC, existed on the Haight Laptop
> before.

*Id*. Instead of answering admission no. 5, Mr. Haight provided the following objection:

> The admission is vague and open as to date, and Plaintiff's failure to produce the
> documents concerning the laptop and other requests precludes Mr. Haight from
> making a meaningful answer.

*Id*. In an effort to confer, Tank Connection provided the following clarification:

> Please admit or deny that a directory named Business Plans, Budgets, ETC,
> existed on the Haight Laptop before September 11, 2013.

*See* Exhibit D.

Admission no. 7 stated:

> A file titled 2013 International Business Plan.docx existed on the Haight Laptop
> before September 11, 2013.

Exhibit C. Instead of answering admission no. 7, Mr. Haight provided the following objection:

> OBJECTION. The admission is vague and open as to date, and Plaintiff's failure
> to produce the documents concerning the laptop and other requests precludes

Mr. Haight from making a meaningful answer. Please see Nos. 1 and 5.

*Id*.

Mr. Haight provides no factual support for his statement that Tank Connection has failed to produce documents concerning the laptop and other requests. Moreover it is unclear what documents or information Mr. Haight needs to sufficiently provide a response. Mr. Haight was employed by Tank Connection for over five years and prior to his resignation he was the Director of International Sales for Tank Connection. Mr. Haight is aware of what information existed on his laptop during his employment. The admissions seek confirmation or denial that the information existed on Mr. Haight's laptop before September 11, 2013. The temporal scope is plainly stated and the "open date" needs no closure. If the information existed on the laptop at any time before September 11, 2013, Mr. Haight must admit to the statements. Mr. Haight does not need additional information to either admit or deny whether a directory named Business Plans, Budges, ETC and whether a file titled 2013 International Business Plan.docx existed on his laptop prior to September 11, 2013.

### 4.      *Admissions no. 8 and 9.*

Admission no. 8 stated:

On September 11, 2013, you accessed the Tank Connection files and directories identified in Exhibit 2 of Lanny Morrow's September 28, 2014, report. *Id.*

Instead of answering the admission, Mr. Haight provided the following objection:

OBJECTION. The admission makes reference to a report but does not attach it or identify it with sufficient specificity to allow for response. It would also seemingly be compound. Please see No. 1. Plaintiff's failure to produce the documents concerning the laptop and other requests precludes Mr. Haight from making a meaningful answer. Please see No. 2.

*Id*. Admission no. 9 stated:

18

> On September 11, 2013, you copied onto the USB Device the information you
> obtained from the Tank Connection files and directories identified in Exhibit 2
> of Lanny Morrow's September 28, 2014, report.

*Id.* Instead of answering the admission, Mr. Haight provided the following objection:

> OBJECTION. The admission makes reference to a report but does not attach it or
> identify it with sufficient specificity to allow for response. It would also
> seemingly be compound. Please see No. 1. Plaintiffs failure to produce the
> documents concerning the laptop and other requests precludes Mr. Haight from
> making a meaningful answer. Please see No. 2.

*Id.*

Mr. Haight's counsel has stated the admission is improper because it does not identify each item in Mr. Marrow's report separately.

Tank Connection provided Mr. Haight with Lanny Marrow's September 28, 2014 report on October 24, 2014—one month before the requests for admission were propounded to Mr. Haight.  SOF, ¶ 8.  Moreover, Tank Connection identified the information it was referring to as Lanny Morrow's September 28, 2014 report and referenced the specific exhibit in Mr. Morrow's report.  Exhibit 2 of Mr. Morrow's report was titled Tank Connection Haight Hard Drive File Access Timeline and provided the timeline of access to Mr. Haight's Tank Connection hard drive from September 9, 2013 - September 11, 2013.  Mr. Haight's objection regarding being provided Exhibit 2 from Mr. Morrow's report is unfounded.  Tank Connection also incorporates its responses to Mr. Haight's objections to admissions nos. 1 and 2 (above). Tank Connection seeks an order compelling Mr. Haight to provide a substantive answer to admissions nos. 8 and 9.

### *Admissions 10 and 11.*

Admission no. 10 stated:

On September 11, 2013, you accessed Vince Horton's network share titled

"Sales Stuff."

*Id*. Instead of answering the admission, Mr. Haight provided the following objection:

> OBJECTION. Mr. Haight is uncertain what "network share" means.  Plaintiff's failure to produce the documents concerning the laptop and other requests precludes Mr. Haight from making a meaningful answer. Please see Nos. 2 and 5.

*Id*. Admission no. 11 stated:

> On September 11, 2013, you copied information from Vince Horton's network share title "Sales Stuff" onto the USB Device.

*Id*. Instead of answering, Mr. Haight provided the following objection:

> OBJECTION. Mr. Haight is uncertain what "network share" means.  Plaintiffs failure to produce the documents concerning the laptop and other requests precludes Mr. Haight from making a meaningful answer. Please see Nos.1, 2 and 5.

*Id*.

Mr. Haight worked at Tank Connection for over five years. He knows what network share means as it pertains to users' shared documents at Tank Connection. His objection is not credible and displays no attempt to exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized in interrogatories. In response to Mr. Haight's objections, Tank Connection also incorporates its responses to Mr. Haight's objections to admissions nos. 1, 2, and 5 (above).

## V.    CONCLUSION

The foregoing listed discovery responses by Mr. Haight are not only deficient, they are non-cooperative. Tank Connection asks that the Court to issue an order compelling Mr. Haight to correct the deficiencies, for its costs and fees incurred herein, and for all such other relief as this Court deems just and proper.

JOSEPH HOLLANDER & CRAFT LLC
*Attorneys for Plaintiff*

/s/ Holly M. Perkins
Ross A. Hollander (09010)
Holly M. Perkins (23959)
500 North Market
Wichita, KS 67214
Tel: (316) 262-9393
Fax: (316) 262-9006
rhollander@josephhollander.com
hperkins@josephhollander.com

**Certificate of Service**

I certify that on January 29, 2015, I electronically filed the foregoing with the clerk of the court using the CM/ECF system which will send a notice of electronic filing to all parties receiving electronic notice.

/s/ Holly M. Perkins