IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| TANK CONNECTION, LLC ) | |
| ) | |
| *Plaintiff*, ) | Case No. 13 CV 1392 |
| v. ) | |
| ) | |
| JOHN R. HAIGHT, ) | |
| ) | |
| *Defendant*. ) | |

**RESPONSES OF DEFENDANT JOHN R. HAIGHT TO PLAINTIFF TANK CONNECTION, LLC'S FIRST REQUESTS FOR ADMISSION TO DEFENDANT**

Defendant John Haight appears through counsel and answers and objects as follows.

**GENERAL OBJECTION**

To the extent that instructions and definitions seek to impose greater or broader obligations upon respondent than what is required under local rule or the rules of civil procedure objection is made and response and answer shall only be provided as required under the rules.

1. On September 11, 2013, you attached a removable USB device bearing serial number 08021903C719D1050 ("USB Device") to the laptop provided to you by Tank Connection for use during your employment with Tank Connection ("Haight Laptop").

    **RESPONSE:** OBJECTION. The admission assumes a fact not in evidence, namely that a USB device has an assigned serial number, and that there would be any way or reason for Mr. Haight to know the number assigned to a USB device. Understanding the request to seek an admission that Mr. Haight has misappropriated trade secrets through a USB device, the request is Denied. Please also see Nos. 2 and 12 below.

2. On September 11, 2013, after you attached the USB Device to the Haight Laptop, you accessed various Tank Connection files and directories.

    **RESPONSE:** Please see No. 1. Objection is made that without identification of the alleged files and directories, a substantive response cannot be made, but is limited to the regular operations within Plaintiff and anecdote. Objection is made that the admission ignores the routine, accepted and public use of external storage devices within Plaintiff as a normal course of conduct and business. Objection is made that the admission assumes a connection between a USB and access. Admitted that Mr. Haight was on his laptop and the public folders on September 11,2013, like he was every working day.

1

EXHIBIT C
Page 1 of 5

3.  On September 11, 2013, you created a document titled JRH Resignation.docx on the USB Device.

    **RESPONSE:** Please see No. 1. Denied. The document was created on the laptop.

4.  On September 11, 2013, you created a directory titled F:\ Business Plans, Budgets, ETC on the USB Device.

    **RESPONSE:** Please see No. 1. Denied.

5.  A directory named Business Plans, Budgets, ETC, existed on the Haight Laptop before.

    **RESPONSE:** OBJECTION. The admission is vague and open as to date, and Plaintiff's failure to produce the documents concerning the laptop and other requests precludes Mr. Haight from making a meaningful answer.

6.  On September 11, 2013, you created a file titled 2013 International Business Plan.docx which was contained within Business Plans, Budgets, ETC directory on the on the USB Device.

    **RESPONSE:** Please see Nos. 1 and 5. Denied.

7.  A file titled 2013 International Business Plan.docx existed on the Haight Laptop before September 11, 2013.

    **RESPONSE:** OBJECTION. The admission is vague and open as to date, and Plaintiff's failure to produce the documents concerning the laptop and other requests precludes Mr. Haight from making a meaningful answer. Please see Nos. 1 and 5.

8.  On September 11, 2013, you accessed the Tank Connection files and directories identified in Exhibit 2 of Lanny Morrow's September 28, 2014, report.

    **RESPONSE:** OBJECTION. The admission makes reference to a report but does not attach it or identify it with sufficient specificity to allow for response. It would also seemingly be compound. Please see No. 1. Plaintiff's failure to produce the documents concerning the laptop and other requests precludes Mr. Haight from making a meaningful answer. Please see No. 2.

9.  On September 11, 2013, you copied onto the USB Device the information you obtained from the Tank Connection files and directories identified in Exhibit 2 of Lanny Morrow's September 28, 2014, report.

    **RESPONSE:** OBJECTION. The admission makes reference to a report but does not attach it or identify it with sufficient specificity to allow for response. It would also

2

EXHIBIT C
Page 2 of 5

seemingly be compound. Please see No. 1. Plaintiff's failure to produce the documents concerning the laptop and other requests precludes Mr. Haight from making a meaningful answer. Please see No. 2.

10. On September 11, 2013, you accessed Vince Horton's network share titled "Sales Stuff."

    **RESPONSE:** OBJECTION. Mr. Haight is uncertain what "network share" means. Plaintiff's failure to produce the documents concerning the laptop and other requests precludes Mr. Haight from making a meaningful answer. Please see Nos. 2 and 5.

11. On September 11, 2013, you copied information from Vince Horton's network share titled "Sales Stuff" onto the USB Device.

    **RESPONSE:** OBJECTION. Mr. Haight is uncertain what "network share" means. Plaintiff's failure to produce the documents concerning the laptop and other requests precludes Mr. Haight from making a meaningful answer. Please see Nos. 1, 2 and 5.

12. You have not provided the USB Device to the Receiver.

    **RESPONSE:** Please see Nos. 1, 2 and 5. Mr. Haight does not have the USB Device. Please check with Plaintiff's personnel, all Tank Connection property in Mr. Haight's possession was delivered to Plaintiff via Plaintiff's employee, Mrs. Brandi Ellis, at the direction of Mr. Dennis Banning, who was preoccupied at Grand Lake, OK and refused to make the trip to Mr. Haight's residence to retrieve these items. These items were hand delivered to Mrs. Ellis on Saturday, September 14, 2013. As evidenced by Mr. Haight's handwriting in black marker on the exterior of the brown paper bag in which all Tank Connection property was delivered to Plaintiff, three (3) USB devices bearing the TC logo were delivered. No additional USB devices were delivered by Mr. Haight to Tank Connection until his deposition in December 2013, when four additional USB devices were delivered to the Plaintiff's Receiver.

    Plaintiff acknowledges receipt of these three USB devices in the Plaintiff's Verified Complaint for Injunctive Relief and Damages, page 5, item 18. Plaintiff also has sworn under oath to receiving one additional USB device after September 13, 2013, *Id.* at item 24, and to already having in its possession prior to this date an additional four USB flash drives. Mr. Kevin Huddleston's Affidavit, on page 1, item #6. The total number of USB devices Plaintiff has sworn to having in its possession is eight, plus another four from the deposition, but has only provided four to its forensic expert. Affidavit of Lanny Morrow, October 29, 2013, page 2, item #4.

13. You know the location of the USB Device.

    **RESPONSE:** Please see Nos. 1 and 12.

14. You have not provided the USB Device to Tank Connection.

3

EXHIBIT C
Page 3 of 5

**RESPONSE:** Please see Nos. 1 and 12.

15. The purpose of your access to the Tank Connection Server on September 11, 2013, was to harvest data for use in your future employment with USA Tank.

    **RESPONSE:** Denied. Please see Nos. 1,2 and 12.

16. You knew that the information you took from Tank Connection on September 11, 2013, was confidential.

    **RESPONSE:** Denied. Please see Nos. 1,2 and 12.

17. You knew that the information taken from Tank Connection on September 11, 2013, would be of value to a competitor of Tank Connection.

    **RESPONSE:** Denied. Please see Nos. 1,2 and 12.

18. You have used the information taken from Tank Connection on September 11, 2013, during your employment with USA Tank.

    **RESPONSE:** Denied. Please see Nos. 1,2 and 12.

19. You have used the information taken from Tank Connection on September 11, 2013, for the benefit of USA Tank.

    **RESPONSE:** Denied. Please see Nos. 1,2 and 12.

20. Since your employment with USA Tank you have used the information taken from Tank Connection to prepare bids for projects also being bid by Tank Connection.

    **RESPONSE:** Denied. Please see Nos. 1, 2, 5 and 12. Mr. Haight is unable to further respond without the identification of the projects allegedly being bid by Plaintiff.

21. USA Tank knew when it hired you that you had in your possession confidential information belonging to Tank Connection.

    **RESPONSE:** Denied. Please see Nos. 1, 2 and 12.

Respectfully submitted,

By: _____
Christopher F. Burger, #16056
**STEVENS & BRAND, L.L.P.**
P. O. Box 189
Lawrence, KS 66044
(785) 843-0811 - Phone
(785) 843-0341 - Fax
CBurger@StevensBrand.com
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of December, 2014, a true and correct copy of the above and foregoing *Responses of Defendant John R. Haight to Plaintiff Tank Connection, LLC's First Requests for Admission to Defendant* was delivered via United States Mail, First Class and postage prepaid, to the following interested parties:

JOSEPH, HOLLANDER & CRAFT LLC
*Attorneys for Plaintiff*
Ross A. Hollander, #09010
Holly M. Perkins, #23959
500 North Market Street
Wichita, KS 67214-3514
Tel: (316) 262-9393
Fax: (316) 262-9006
rhollander@josephhollander.com
hperkins@josephhollander.com

_____
Christopher F. Burger

5

EXHIBIT C
Page 5 of 5