# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| TANK CONNECTION, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| JOHN R. HAIGHT, | ) | Case No. 13-cv-1392-JTM-TJJ |
| | ) | |
| Defendant. | ) | |

## <u>MEMORANDUM AND ORDER</u>

Plaintiff Tank Connection, LLC alleges that its former employee, Defendant Haight, misappropriated confidential and trade secret information before going to work for a competitor, former "relief defendant" USA Tank Sales & Erection Company, Inc. ("USA Tank").[1]  This matter is before the Court on Plaintiff's Motion to Compel Discovery (ECF No. 118).  Plaintiff requests an order under Fed. R. Civ. P. 37(a) compelling Defendant to produce documents responsive to Request for Production Nos. 3, 6, 11–13, and 16,[2] and to provide sufficient answers to Request for Admission Nos. 1–2, 5, 7, 8–9, and 10–11.  For the reasons set forth below, the motion is granted in part and denied in part.  Defendant Haight shall produce documents in his possession, custody, or control responsive to Plaintiff's Request for Production Nos. 3, 6, 11–13, and 16, and serve answers that admit or deny Request for Admission Nos. 1, 5, 7, and 8–9, *subject to the limitations herein*.  The motion is otherwise denied.

---

[1] "Relief defendant" USA Tank was dismissed from the action on June 25, 2014 (ECF No. 75).

[2] Although Plaintiff's motion requests an order directing Defendant to provide complete responses to Request for Production Nos. 3, 11–13, 16, and 18, Plaintiff discusses Request Nos. 3, 6, 11–13, and 16 in its memorandum in support of the motion and Defendant's response addresses those Requests.  The Court will therefore limit its ruling herein to the specific Requests discussed in the memorandum and response.

## I.        Relevant History

Plaintiff served Defendant with nineteen Requests for Production of Documents and twenty-one Requests for Admission on November 25, 2014.  Defendant responded on December 23, 2014, objecting to thirteen of the document requests and eight of the admission requests.  On January 13, 2015, Plaintiff served a seven-page golden rule letter, identifying the deficiencies it noted in Defendant's discovery responses.  After another follow up email, Defendant produced forty documents and responded, with respect to Plaintiff's Request for Production Nos. 6, 11, 13, and 16, that he "does not have permission for Plaintiff to dig through USA [Tank]'s work files."  In an email dated January 28, 2014, Defendant confirmed that he has no lists of "customers," has not created any, and has not spoken to anyone that he is aware of who is under a current contract with Plaintiff.

After making reasonable attempts to confer as required by Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2,[3] Plaintiff filed the instant motion with respect to certain Requests for Production and Requests for Admission on January 29, 2015.  Defendant states that he stands by the sufficiency of his answers and objections to these discovery requests.  He asks that the Court deny Plaintiff's motion and order Plaintiff to pay the expenses he incurred in responding to the motion.

## II.       Requests for Production in Dispute

### A.        First Request for Production No. 3

Request No. 3 asks Defendant Haight to produce:

---

[3] *See* Pl.'s Decl. & Certification of Compliance with D. Kan. Rule 37.2 (ECF No. 119-8).

All correspondence, including emails, between you and USA Tank regarding your prospective employment with USA Tank, including attachments and any documents that reference the correspondence.[4]

Defendant objected as follows:

OBJECTION. The Request seeks items not reasonably calculated to lead to the discovery of admissible evidence, nor can Plaintiff demonstrate how such information is relevant to its claims against the Defendant. Plaintiff has no need of any correspondence regarding Mr. Haight's employment with USA Tank, and this request is only made to be overly burdensome and further propagate Plaintiff's campaign of intimidation against Mr. Haight.

In his response to the motion to compel, Defendant Haight argues that the terms and conditions of employment with his subsequent employer are not relevant to a misappropriation of trade secrets claim. Defendant states that he has "produced all the documents he has."[5] Defendant contends Plaintiff served this request only to harass him. Defendant also argues that Plaintiff's own unlawful search of USA Tank's laptop has confirmed that there was no misappropriation.

Plaintiff reports that Defendant provided some documents responsive to Request No. 3, but did not produce his executed employment agreement with USA Tank. Plaintiff states that it has information that Defendant does not have a copy of his executed employment agreement and his employer, USA Tank, will not provide it to Defendant. Plaintiff also claims that USA Tank has objected to providing documents regarding Defendant's employment. Plaintiff argues the communications it has requested are clearly relevant to the claims it has made in this case. It requests that the Court order either Defendant or his employer, USA Tank, to produce the requested correspondence.

---

[4] Def.'s Resp. to Pl.'s First Req. for Prod. (ECF No. 119-2).

[5] Def.'s Resp. (ECF No. 122) at 3.

Plaintiff is claiming that Defendant misappropriated its trade secrets when Defendant left its employ and began working for his new employer, USA Tank.  The Court agrees with Plaintiff that Request No. 3, which seeks correspondence, including emails, between Defendant and USA Tank regarding his prospective employment with USA Tank, does appear to seek relevant discovery.  The Court finds that such discovery is relevant to Plaintiff's allegation that Defendant communicated or provided its confidential business and/or trade secret information to his new employer.  The Court is not persuaded otherwise by Defendant's general argument that the requested documents are not relevant to a misappropriation of trade secrets claim.  As to its unduly burdensome objection, Defendant asserted it without any support or showing that the time or expense involved in responding to the Request would be unduly burdensome.[6] Defendant's unduly burdensome objection is therefore also overruled.

Although Defendant states in his Response (ECF No. 122) that he has produced "all the documents he has," he is required by Fed. R. Civ. P. 34(a)(1) to produce all documents responsive to Request No. 3 in his "possession, custody, or control."[7]  Plaintiff's motion to compel is granted as to First Request for Production No. 3, and Defendant is ordered to produce all responsive documents in his "possession, custody, or control" or, if true and accurate, serve amended responses stating that he has no responsive documents in his "possession, custody, or control."

---

[6] *See Ehrlich v. Union Pac. R.R. Co.*, 302 F.R.D. 620, 625 (D. Kan. 2014) (party asserting an unduly burdensome objection to a discovery request has the burden of demonstrating that the time or expense involved in responding to the request is unduly burdensome).

[7] Defendant's employer, USA Tank, however, is under no obligation or duty to respond or produce documents in response to Plaintiff's Request for Production No. 3 propounded to Defendant.

**B.      First Request for Production No. 11**

Plaintiff's Request No. 11 asks Defendant to produce "[a]ll of your diaries, calendars and planners (including electronic) from July 1, 2013 through December 31, 2013."

Defendant objected as follows:

> OBJECTION.  Plaintiff already has possession of all diaries, calendars and planners utilized by Mr. Haight during his employment. This request is only made to be overly burdensome and further propagate Plaintiff's campaign of intimidation against Mr. Haight, and is not calculated to lead to the discovery of admissible evidence.

Defendant maintains that this Request is overly burdensome and only intended to harass him for the calendars, diaries, and planners that are already in Plaintiff's possession or the Receiver's possession in electronic form.  Defendant does not explain, however, how the requested diaries, calendars, and planners would already be in Plaintiff's possession (i.e., whether Defendant left them with Plaintiff when he resigned his employment, whether Defendant previously produced them in this case, or by some other scenario whereby the items would be in Plaintiff's possession).

Plaintiff argues that Defendant has not met his obligation to show that the requested discovery is unduly burdensome.  According to Plaintiff, the Request seeks discovery to show whether Defendant violated his non-disclosure agreement with Plaintiff by providing USA Tank with its proprietary and confidential information.

The Court agrees with Plaintiff that Defendant has not met his burden to show how producing the diaries, calendars, and planners within his possession, custody, or control for the six-month period July 1 through December 31, 2013 would be unduly burdensome.[8]  The request is limited to Defendant Haight's diaries, calendars, and planners, and further limited to only a

---

[8] *Ehrlich*, 302 F.R.D. at 625.

six-month period.  Defendant's unduly burdensome objection is therefore overruled.  Finally, Defendant's relevancy objection is overruled.  Defendant's diaries, calendars, and planners are relevant because they may show whether and to what extent Defendant was communicating or meeting with USA Tank around the time he resigned.  Plaintiff's motion to compel is granted as to First Request for Production No. 11.  Defendant shall produce all of his diaries, calendars, and planners within his possession, custody, or control from July 1, 2013 through December 31, 2013; provided, however, that Defendant is not required to produce any such items that he can identify (by Bates number or otherwise) as previously produced in this case, or items that are already in the custody of the Receiver.

### C.        First Request for Production Nos. 6, 12, and 13

Plaintiff's Request No. 6 asks Defendant to produce "[d]ocuments that relate or pertain to any communication by you or USA Tank with current customers of [Plaintiff], other than correspondence with your attorneys."  Request No. 12 seeks "[a]ny and all lists or other documents listing current or previous customers of [Plaintiff]."  Request No. 13 asks for "[a]ll correspondence, including emails, discussing current or previous customers of [Plaintiff], other than correspondence with your attorneys."

Defendant objects to all three Requests' use of the term "customers" as vague and ambiguous in the context of bidded work.  He also claims that before he responds Plaintiff should be required to identify whom it intends to include within the "customers" category.  Defendant also objects that responsive information is not within his control.  He objects to Request No. 12 as vague and ambiguous and unduly burdensome because it fails to specify a time period or person in possession.  Finally, stating that he understands Request No. 12 to be asking for lists created from Plaintiff's documents, Defendant answers "none."  Defendant also

objects to Request No. 13 as being overbroad because it does not define the scope of the recipients.

Defendant explains that the storage tank industry primarily creates sales through bidding, and, as such, there is not a loyal "customer" base of future sales. A "customer" is instead a person under contract for a specified unit, and one sale does not make that person a "customer" on all future sales. Defendant objects that "customers" is not an agreed term, as Plaintiff asserts. Defendant argues that Plaintiff would have the easiest and most efficient tool for collecting such information, namely asking its own "customers." Defendant also objects that the inclusion of the term "current" customers makes responding impossible since Defendant does not know who is under contract with Plaintiff for what unit. Accordingly, Defendant claims he cannot answer this request, and does not have authorization to permit Plaintiff to dig through USA Tank's files.

Plaintiff states that it provided a definition of the term "customers," defining them as "companies who [Defendant] Haight knows have contracts with [Plaintiff] or companies that Mr. Haight knew had contracts with [Plaintiff] during his employment." Plaintiff argues that Defendant should be able to exercise reason and common sense to attribute the ordinary definition to the term "customers." It points out that Defendant was its sales employee for over five years and had first-hand knowledge of its customers. During the parties conferring efforts, Plaintiff narrowed Request No. 13 to correspondence, including emails, from January 1, 2013, through the present, discussing companies that Defendant knows have contracts with Plaintiff or companies that Defendant knew had contracts with Plaintiff during his employment. Plaintiff further clarified that it seeks only such correspondence in Defendant's possession. Plaintiff argues the information requested regarding Defendant's communications with and list of its customers is at the core of this lawsuit.

Based upon the clarification of the term "customers" provided by Plaintiff, Defendant's vague and ambiguous objections to that term are overruled.  The Court also rejects Defendant's argument that Plaintiff should be required to identify whom it intends to include within the customer category before he responds.  Defendant shall respond to the Requests based upon the clarification of the term "customers" provided by Plaintiff, i.e., companies that Defendant *knows* have contracts with Plaintiff or companies that Defendant *knew* had contracts with Plaintiff during his employment with Plaintiff.

Defendant's objection to Request No. 12 to the extent it fails to specify a time period or person in possession is also overruled.  Rule 34(a)(1) already limits the Request to documents in the possession, custody, or control of Defendant.  The lack of a time period is not objectionable because of the nature of the documents sought is limited by Plaintiff's clarification and because lists of current or previous customers of Plaintiff would be limited to those in Defendant's present possession, custody, or control.

Finally, Defendant's objection to Request No. 13 as being overbroad because it does not define the scope of the recipients is overruled. Plaintiff has narrowed Request No. 13 to seek correspondence, including emails, from January 1, 2013, through the present, discussing companies that Defendant knows have contracts with Plaintiff or companies that Defendant knew had contracts with Plaintiff during his employment.  With the clarification provided by Plaintiff, Defendant should be able to respond to or produce documents responsive to Request Nos. 6, 12, and 13 that are in his possession, custody, or control.

### D.    First Request for Production No.  16

Plaintiff's Request No. 16 asks Defendant to produce:

All correspondence, including emails, between you and current or former [Plaintiff] Tank Connection customers pertaining to Tank Connection's designs, design processes and programs, design methods and techniques, assembly methods, processes, and techniques, pricing, pricing methods and supporting software, costing, vendor lists, customer lists and contacts, engineering and design documents, business plans, budgets, pending jobs which are also known as "hot lists," requests for proposals, requests for bid, prospect lists, bid information, financial information, personnel, compensation and bonus plans, strategies, corporate strategies, corporate strategy meeting notes, marketing strategies, business strategies, and other unique methods of doing business, from September 12, 2013 to present, including attachments and any documents that reference the correspondence.

Defendant asserted the following objection:

OBJECTION. The request is irrelevant, overbroad and does not define the scope of recipients. Mr. Haight does not know who Tank Connection considers its customers or how such correspondence would lead to the discovery of relevant evidence.

Plaintiff later clarified that it sought:

[A]ll correspondence, including emails from Mr. Haight, from September 11, 2013 through the present, to Tank Connection customers who Mr. Haight knows currently have contracts with Tank Connection or that during his employment with Tank Connection, Mr. Haight knew had contracts with Tank Connection that pertain to Tank Connection's designs, design processes and programs, design methods and techniques, assembly methods, processes, and techniques, pricing, pricing methods and supporting software, costing, vendor lists, customer lists and contacts, engineering and design documents, business plans, budgets, pending jobs which are also known as "hot lists," requests for proposals, requests for bid, prospect lists, bid information, financial information, personnel, compensation and bonus plans, strategies, corporate strategies, corporate strategy meeting notes, marketing strategies, business strategies, and other unique methods of doing business, including attachments and any documents that reference the correspondence.

Defendant's relevance and overbroad objections are overruled. The requested correspondence between Defendant and Plaintiff's customers pertaining to Plaintiff's designs, design processes and programs, and the other listed proprietary information is relevant to the claims in this case. Plaintiff's overbroad, scope, and customer definition objections are overruled on the bases discussed in Section II.C. above.

In his response to Plaintiff's motion to compel, Defendant states that he "has no responsive documents. All electronic information through November 2013 remains in the possession of Plaintiff or its Receiver, and any subsequent information would belong to [his current employer,] USA Tank."[9] Defendant further states he is unaware of any responsive documents, but without a list of the persons Plaintiff has in mind he cannot be definitive. Defendant has advised Plaintiff that he has not spoken with anyone (that he is aware of) that is under a current contract with Plaintiff for such products.

Under Federal Rule of Civil Procedure 34(a)(1), a party may serve on any other party a request to produce designated documents "in the responding party's possession, custody, or control." Documents are deemed to be within the "possession, custody, or control" of a party if the party has "actual possession, custody or control of the materials or has the legal right to obtain the documents on demand."[10] "Control" comprehends not only possession of the documents, but also the right, authority, or ability to obtain them.[11] Rule 34(a) therefore enables a party seeking discovery to require production of documents beyond the actual possession of the opposing party if such party has retained any right or ability to influence the person who possesses the documents.[12] A party that has a legal right to obtain certain documents is deemed to have control of the documents, but the relationship between the party and the person or entity having actual possession of the document is central in each case.[13] The party seeking the

---

[9] Def.'s Resp. (ECF No. 122) at 7.

[10] *Am. Maplan Corp. v. Heilmayr*, 203 F.R.D. 499, 501 (D. Kan. 2001).

[11] *Super Film of Am., Inc. v. UCB Films, Inc.*, 219 F.R.D. 649, 651 (D. Kan. 2004).

[12] *Id.*

[13] *E.E.O.C. v. Thorman & Wright Corp.*, 243 F.R.D. 426, 429 (D. Kan. 2007).

production of documents bears the burden of proving that the producing party has the control required under Fed. R. Civ. P. 34(a).[14]

To the extent the documents requested were prepared or generated during Defendant's employment at USA Tank and are maintained by USA Tank in the ordinary course of its business, the Court finds that Plaintiff has not satisfied its burden to prove that Defendant has the requisite control over the requested documents.  Defendant has explained that he does not have a legal right to obtain certain documents that would be responsive to the Requests because those documents are the property of his current employer, USA Tank.  Plaintiff has not rebutted this explanation or shown how Defendant would have any right with respect to documents he created within the scope of and as part of his duties while employed at USA Tank.  With regard to these documents, Defendant may not have the legal right to disclose them without his employer's permission.  The appropriate procedure to compel a non-party, such as USA Tank, to produce such documents is to serve a subpoena under Rule 45.[15]  As to such USA Tank documents, Defendant has sufficiently responded to Request No. 16, and Plaintiff's motion to compel Defendant to respond to this Request is therefore denied.  However, to the extent Defendant has in his possession, custody, or control any other documents responsive to Request for Production No. 16, Plaintiff's motion to compel is granted and Defendant shall produce them.

## III.        Requests for Admission in Dispute

Plaintiff also requests that the Court compel Defendant to provide "substantive answers" to First Request for Admission Nos. 1–2, 5, 7, 8–9, and 10–11.  Even though Plaintiff's motion to compel states it is pursuant to Fed. R. Civ. P. 37(a), the Court construes the motion with

---

[14] *Super Film,* 219 F.R.D. at 653 (citing *Norman v. Young*, 422 F.2d 470, 472 (10th Cir. 1970)).

[15] *Meyer v. DG Retail LLC*, No. 13-2115-KHV, 2013 WL 5719508, at *5 (D. Kan. Oct. 21, 2013).

respect to the requests for admission to be a motion regarding the sufficiency of Defendant's answers and objections under Rule 36(a)(6).  Under that Rule, "[u]nless the court finds an objection justified, it must order that an answer be served.  On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served."[16]

Defendant objects that these requests for admission are a tangled mess of argument, innuendo, and ambiguity that he would have been fully within his rights to deny without further comment.  Instead, he made clarifying objections and attempted to restate the request so he could answer them.  He asks that the Court deny Plaintiff's motion to compel with respect to these requests.

### A.       First Request for Admission No. 1

Plaintiff's Request for Admission No. 1 asks Defendant to admit the following:

> On September 11, 2013, you attached a removable USB device bearing serial number 08021903C719D1050 ("USB Device") to the laptop provided to you by Tank Connection for use during your employment with Tank Connection ("Haight Laptop").[17]

Defendant objected as follows:

> OBJECTION.  The admission assumes a fact not in evidence, namely that a USB device has an assigned serial number, and that there would be any way or reason for Mr. Haight to know the number assigned to a USB device. Understanding the request to seek an admission that Mr. Haight has misappropriated trade secrets through a USB device, the request is Denied.  Please also see Nos. 2 and 12 below.

According to Defendant, the central problem with this request is Plaintiff's definition of the phrase "USB Device" and its incorporation of that term into nearly all the following requests.

---

[16] Fed. R. Civ. P. 36(a)(6).

[17] Def.'s Resp. to Pl.'s First Req. for Admiss. (ECF No. 119-3).

Defendant claims that it is impossible to answer the request as stated because he has no way or reason to know the serial number of a removable USB device.  He asserts that he provided a substantive answer to the request, namely that he did not misappropriate trade secrets through any USB device.

Plaintiff argues that the request makes no assumptions and does not request an admission that Defendant misappropriated trade secrets through a USB device, but rather seeks an admission or denial whether Defendant attached the USB device bearing the serial number 08021903C719D1050 to his laptop.  Plaintiff indicates that its expert, Lanny Morrow, in his September 28, 2014 report, identified a USB device bearing this serial number was attached to the laptop Defendant used on September 11, 2013 at 5:29 p.m. and 10:06 p.m.  Plaintiff claims that the USB device with this serial number has not been provided to the Receiver or to its expert for analysis.

Federal Rule of Civil Procedure 36(a)(4) governs answers to requests for admission.  It provides if a party does not admit a request for admission, its answer must specifically deny it or state in detail why it cannot truthfully admit or deny it.  "*A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest*."[18] The Rule further provides that the party answering a request for admission "may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny."[19]

---

[18] Fed. R. Civ. P. 36(a)(4) (emphasis added).

[19] *Id.*

Defendant's objections to Request for Admission No. 1 are overruled.  As required by Rule 36(a)(4), a denial must fairly respond to the substance of the matter and, when good faith requires qualification or denial of only a part, the answer must specify the part being admitted and qualify or deny the rest.  Thus, under the Rule, Defendant shall admit or deny that, on September 11, 2013, he attached a removable USB device to the referenced laptop.  He may then qualify or deny that part of his answer regarding the serial number assigned to the USB device. Plaintiff's Motion to compel a response to Request for Admission No. 1 is therefore granted.

### B.      First Request for Admission No. 2

Request No. 2 asks Defendant to admit or deny that "[o]n September 11, 2013, after you attached the USB Device to the Haight Laptop, you accessed various Tank Connection files and directories."

Defendant objected as follows:

> Please see No. 1. Objection is made that without identification of the alleged files and directories, a substantive response cannot be made, but is limited to the regular operations within Plaintiff and anecdote.  Objection is made that the admission ignores the routine, accepted and public use of external storage devices within Plaintiff as a normal course of conduct and business.  Objection is made that the admission assumes a connection between a USB and access.  Admitted that Mr. Haight was on his laptop and the public folders on September 11, 2013, like he was every working day.

Defendant argues that Plaintiff does not realize the importance or impact of the language used in the requests for admission, thereby resulting in Defendant's need to be particular in his responses.  Defendant points to the effect of an admission under Rule 36(b), which is that any matter admitted is "conclusively established unless the court, on motion, permits the admission to be withdrawn or amended."  Defendant states that he notified Plaintiff of his objections to the occasionally poorly worded admission requests yet still tried to craft an answer.

14

Plaintiff argues that it is not obliged to specify the files and directories referenced in Request for Admission No. 2 any further than already identified.  If Defendant accessed any of its files or directories after attaching a USB device to his laptop, the requested admission should be answered in the affirmative; if he did not, it may be answered in the negative.  Any routine, accepted and public use of external storage devices has no impact on the requested admission. Plaintiff denies that the admission request assumes a connection between attaching a USB device and accessing files and directories.

The Court sustains Defendant's objections to Request for Admission No. 2.  Plaintiff, as the party requesting admissions, bears the burden of setting forth its requests "simply, directly, not vaguely or ambiguously, and in such a manner that they can be answered with a simple admit or deny without an explanation, and in certain instances, permit a qualification or explanation for purposes of clarification."[20]  Request No. 2 is compound (because it requests that Defendant admit or deny the two separate but sequential events of attaching the USB device and then accessing files and directories), and vague and ambiguous (because it fails to identify specific files or directories).  It also creates ambiguity by use of the generic capitalized term "the USB Device," which was previously defined in Request No. 1 specifically as "a removable USB device bearing serial number 08021903C719D1050."  Defendant admits that he was "on his laptop and the public folders on September 11, 2013" and has otherwise asserted valid objections to the Request.  Plaintiff's Motion to compel a sufficient response to Request for Admission No. 2 is denied.

---

[20] *United States v. Worden*, No. 03-4143-SAC, 2004 WL 2030286, at *2 (D. Kan. Aug. 12, 2004) (citing *Tulip Computers Int'l, B.V. v. Dell Computer Corp.*, 210 F.R.D. 100 (D. Del. 2002)).

C.       **First Request for Admission Nos. 5 and 7**

Request for Admission No. 5 asks Defendant to admit or deny the statement "[a] directory named Business Plans, Budgets, ETC, existed on the Haight Laptop before."  Request No. 7 is seeking an admission or denial of the statement "[a] file titled 2013 International Business Plan.docx existed on the Haight Laptop before September 11, 2013."

Defendant objected that the requests were vague and open as to date and that Plaintiff's own failure to produce documents concerning the laptop precludes him from making a meaningful answer.  Plaintiff then clarified that Request No. 5 seeks an admission or denial that the named directory existed on the Haight Laptop "before September 11, 2013."

Defendant contends that the requests for admissions cannot be restated, rephrased, or otherwise revised, without new requests being issued, or it would result in ambiguities and confusion.  Therefore, his efforts to clarify the requests through his answers was beyond what was required of him and show his good faith, and his objections and answers were appropriate.

According to Plaintiff, Defendant provides no factual support for his statement that Plaintiff failed to produce documents concerning the laptop.  Plaintiff states it is unclear what documents or information Defendant would need in order to respond.  Defendant was employed with Plaintiff for over five years and prior to his resignation he was the Director of International Sales.  As such, Defendant should be aware of what information existed on his laptop during his employment.

It should have been reasonably apparent to Defendant that Request for Admission No. 5 was missing a date or other concluding language after the word "before."  Once Plaintiff clarified that the Request omitted the date September 11, 2013, this resolved Defendant's objection that the Requests were vague and open as to date.  The Court rejects Defendant's unsupported

argument that he is not required to respond to the Requests because Plaintiff subsequently clarified the Requests.

The Court also overrules Defendant's objection to answering these Requests based upon Plaintiff's alleged failure to produce the documents concerning the laptop. Defendant's assertion of Plaintiff's own non-compliance with its discovery obligations is not a valid objection by Defendant to answering the Requests.[21] The Court finds Request Nos. 5 (as clarified) and 7 to be clear, unambiguous, and straightforward. Plaintiff's motion to compel Defendant to answer Request Nos. 5 and 7 is therefore granted. Plaintiff shall serve amended responses to Request for Admission Nos. 5 (as clarified) and 7.

### D.      First Request for Admission Nos. 8 and 9

Request for Admission No. 8 asks Defendant to admit or deny that "[o]n September 11, 2013, you accessed the Tank Connection files and directories identified in Exhibit 2 of Lanny Morrow's September 28, 2014 report." Request No. 9 seeks an admission or denial of the statement "[o]n September 11, 2013, you copied onto the USB Device the information you obtained from the Tank Connection files and directories identified in Exhibit 2 of Lanny Morrow's September 28, 2014 report."

Defendant objected that Plaintiff failed to attach the report referenced in Request Nos. 8 and 9 or identify it with sufficient specificity so that he could respond. Defendant also objected

---

[21] *See generally Jacobsen v. Deseret Book Co.,* 287 F.3d 936, 954 (10th Cir. 2002) (Generally, a court should "not excuse non-compliance with Rule 26 by one party for the reason that the other party may not have fully complied" with discovery requests.); Fed. R. Civ. P. 26(a)(1)(E) ("A party is not excused from making its [initial Rule 26(a)] disclosures because it has not fully investigated the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures.").

that the requests are compound and that Plaintiff's own failure to produce the documents concerning the laptop precludes him from providing a meaningful answer.

Defendant maintains its objection that these requests for admissions are compound and objectionable. He argues that Requests' reference to an expert report that is not attached creates ambiguity. He also argues that the Requests are compound because the alleged Exhibit 2 is comprised of several pages of a single-spaced spreadsheet.

Plaintiff claims it provided Defendant with Lanny Morrow's September 28, 2014 report ("Morrow Report") on October 24, 2014, one month before propounding the requests for admission. Plaintiff argues that Defendant's objection that he was not provided Exhibit 2 of the Morrow Report is unfounded. Exhibit 2 of the Morrow Report was titled "Tank Connection Haight Hard Drive File Access Timeline" and provided the timeline of access to Defendant's Tank Connection hard drive from September 9, 2013 to September 11, 2013.

The Court overrules Defendant's objection that Request Nos. 8 and 9 refer to a report that is not attached or identified with sufficient specificity for him to respond. Although Plaintiff did not provide a copy of the Morrow Report at the time it served the Requests for Admission, it indicates that it provided the referenced Morrow Report to Defendant a month before propounding the Requests. Plaintiff does not specifically indicate that it served a copy of Exhibit 2 when it provided Defendant with a copy of the Morrow Report, but Defendant apparently has seen Exhibit 2 because he describes it as a single-spaced spreadsheet in his response. The Court also overrules Defendant's objection to answering the Requests based upon Plaintiff's alleged failure to produce the documents concerning the laptop, finding it is not a valid objection to answering the Requests. Finally, the Court overrules Defendant's objection that the Requests are compound. Defendant does not explain how they are compound and how this makes them

impossible to answer, and the Court disagrees with Defendant's unsubstantiated assertion. Plaintiff's motion to compel Defendant to answer Request Nos. 8 and 9 is therefore granted. Plaintiff shall serve amended answers to Request for Admission Nos. 8 and 9.

### E.      First Request for Admission Nos. 10 and 11

Request No. 10 asks Defendant to admit or deny "[o]n September 11, 2013, you accessed Vince Horton's network share titled 'Sales Stuff.'"  Request No. 11 seeks an admission or denial that "[o]n September 11, 2013, you copied information from Vince Horton's network share title 'Sales Stuff' onto the USB Device."

Defendant asserted the following identical objection to both Requests:

OBJECTION.  Mr. Haight is uncertain what "network share" means.  Plaintiff's failure to produce the documents concerning the laptop and other requests precludes Mr. Haight from making a meaningful answer.  Please see Nos. 2 and 5.

Defendant argues that he should not be required to guess the meaning of the ambiguous phrase "network share" in order to respond to Plaintiff's requests for admissions.  Because he is unsure of the meaning of "network share," he cannot answer what is asked but is forced to read into the requests for admission what Plaintiff could have been meant or intended.  Defendant asserts that he did more than required by denying any misappropriation of trade secrets and admitting that he was on his laptop and the public folders on September 11, 2013, like he was every working day.

Plaintiff argues that Defendant should know what "network share" means, as it pertains to shared documents at Tank Connection, based his experience working there for over five years. Plaintiff urges the Court to find Defendant's objections not credible as he has not attempted to exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized in discovery requests.

The Court sustains Defendant's objection to the Requests' use of the phrase "network share."  The Court finds this appears to be a unique phrase or term of art with a particular meaning to Plaintiff, and, without a definition, Defendant may be required to guess as to the phrase's meaning in order to respond to the requests for admission.  In other instances, Plaintiff clarified terms in requests for admissions with phrases or terms questioned by Defendant, but here Plaintiff has chosen not to do so.  Because Plaintiff fails to define the phrase "network share" in these Requests, Defendant's objection is sustained.  Plaintiff's argument that Defendant should know what the phrase means based upon the fact he used to work for Plaintiff is unavailing.  Plaintiff's Motion to compel a response to Request for Admission Nos. 10 and 11 is denied.

## IV.       Expenses

Fed. R. Civ. P. 37(a)(5)(C) provides that when a motion is granted in part and denied in part, "the court may . . . after giving an opportunity to be heard, apportion the reasonable expenses for the motion."  Both Plaintiff and Defendant requests that they be reimbursed for their respective expenses incurred in filing or responding to this motion.  Under the circumstances of this motion, the Court finds that each party shall bear its own expenses related to this motion.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion to Compel Discovery (ECF No. 118) is granted in part and denied in part, as set forth herein.  **<u>Within thirty (30) days of the date of this Memorandum and Order</u>**, Defendant Haight shall produce documents in his possession, custody, or control responsive to Plaintiff's Request for Production Nos. 3, 6, 11–13, and 16, and serve answers that admit or deny Request for Admission Nos. 1, 5 (as clarified), 7, and 8–9, subject to the limitations herein.   The motion is otherwise denied.

20

**IT IS FURTHER ORDERED THAT** each party shall bear its own expenses related to the motion.

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas, on this 4th day of June 2015.

_s/ Teresa J. James_
Teresa J. James
United States Magistrate Judge