UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| TANK CONNECTION, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| JOHN R. HAIGHT, | )   Case No. 13-cv-1392-JTM-TJJ |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

Plaintiff Tank Connection, LLC alleges that its former employee, Defendant Haight, misappropriated confidential and trade secret information before going to work for a competitor, former "relief defendant" USA Tank Sales & Erection Company, Inc. ("USA Tank").[1] This matter is before the Court on Plaintiff's Motion to Compel Compliance Production Subpoena to a Non-Party (ECF No. 117). Plaintiff requests an order under Fed. R. Civ. P. 45(d)(2)(B)(i) compelling non-party USA Tank to produce documents requested in the Subpoena to Produce Documents served on December 26, 2014. For the reasons set forth below, the motion is granted in part and denied in part.

**I.    Relevant Procedural History**

On December 26, 2014, Plaintiff served a Subpoena to Produce Documents, Information, or Objects ("Subpoena"), commanding USA Tank to produce the ten categories of documents described in Attachment A.[2] The date specified in the Subpoena for compliance was January 13, 2015. USA Tank served its responses and objections to the Subpoena on January 13, 2015.[3] On

---

[1] "Relief defendant" USA Tank was dismissed from the action on June 25, 2014 (ECF No. 75).

[2] *See* Subpoena (ECF No. 106).

[3] Objections of Non-Party USA Tank (ECF No. 117-2).

January 22, 2015, Plaintiff's counsel attempted to contact USA Tank's counsel to discuss the objections by calling and then sending the following email:

> This follows my voice mail earlier this morning. The purpose of the call was to discuss the objections of [USA Tank] and see if there is a way to get the documents sought, or most of them, without motion practice. Call at your convenience, but this week if possible. Neither Holly nor I will be in the office Monday, and a motion to compel must be filed by Monday to meet the discovery deadline.[4]

On January 23, 2015, Plaintiff filed the instant motion.

On February 18, 2015, the Court held a telephone Status Conference and Motion Hearing on the pending motion. The Court ordered Plaintiff and subpoenaed party USA Tank to confer regarding the issues raised in Plaintiff's motion.[5] At the conference, the Court provided general observations and comments regarding the ten document requests contained in the subpoena to aid the conferring process. Plaintiff was to advise the Court in its reply regarding the specific document requests and objections remaining in dispute after conferring with USA Tank.

On February 23, 2015, Plaintiff filed its Reply (ECF No. 127) in which it advised that counsel had conferred and were able to reach a tentative agreement on all issues, subject to approval by USA Tank. Plaintiff further advised that in the event that counsel's tentative agreements were rejected or altered by USA Tank, the Court's ruling would be necessary on the documents identified in Subpoena Request Nos. 1, 2, 3, 5, 6, and 7; no ruling would be necessary as to Subpoena Request Nos. 4, 8, 9, and 10 because Plaintiff agreed to exclude them from the subpoena. The Court thereafter ordered Plaintiff to advise on or before March 16, 2015, whether

---

[4] Jan. 22, 2015 Email (ECF No. 121-1).

[5] *See* Order Memorializing Rulings From Telephone Conference (ECF No. 125).

2

a ruling on its Motion to Compel Compliance with Production Subpoena to a Non-Party would be necessary.[6]

On March 13, 2015, Plaintiff advised the Court that Plaintiff and USA Tank agreed on the documents to be produced by USA Tank. He also advised the Court of an order entered by the Northern District of Illinois[7] staying until May 19, 2015, all pending litigation in which former relief defendant, USA Tank was involved, specifically identifying this case. Given this development, the Court indicated to the parties it would hold Plaintiff's motion in abeyance until after the May 19, 2015 stay expiration date.

At the June 4, 2015 telephone Status Conference, the parties advised the Court that the Northern District of Illinois litigation, which had stayed litigation involving USA Tank, had concluded. The parties have also advised that a ruling is necessary on Plaintiff's Motion to Compel Compliance with Production Subpoena. Accordingly, the Court is now ready to rule on the motion.

## II.  Duty to Confer

USA Tank originally objected to Plaintiff's motion on the grounds that Plaintiff had failed to confer prior to filing the motion, as required by Fed. R. Civ. P. 37(a)(1) and D. Kan. 37.2. At the February 18, 2015 telephone Status Conference, the Court ordered Plaintiff and subpoenaed entity USA Tank to confer regarding the issues raised in Plaintiff's Motion. Plaintiff has subsequently satisfied the Court that it has met its duty to confer requirement. The Court will not deny Plaintiff's motion on this basis.

---

[6] *See* Order (ECF No. 129).

[7] *See* Order Granting Receiver Tank Operations, LLC's Motion to Stay Litigation, entered in *The Privatebank & Trust Co. v. Global Storage Solutions, LLC*, No. 1:13-cv-01600 (N.D. Ill. Mar. 17, 2015).

**III.       Timeliness of USA Tank's Objections**

Plaintiff argues that USA Tank's objections are untimely under Fed. R. Civ. P. 45 because they were not filed within the *earlier of* 14 days after service of the subpoena or the time specified for compliance. USA Tank concedes that its objections to the subpoena were not filed within 14 days after service (including the three additional days allowed under Rule 6(d)), but were one day late. It points out that it filed its objections on the date specified in the subpoena for compliance. It urges the Court to consider its objections to the subpoena despite their untimeliness.

Federal Rule of Civil Procedure 45(d)(2) requires that an objection to a subpoena be served "before the earlier of the time specified for compliance or 14 days after the subpoena is served." Fed. R. Civ. P. 6(d) provides for an additional 3 days when service is made under Rule 5(b)(2)(C), (D), (E), or (F). Non-party USA Tank was served with the subpoena on December 26, 2014. The time specified for compliance in the subpoena was set for January 13, 2015. Fourteen days, plus three days allowed under Rule 6(d), after service of the subpoena would have been January 12, 2015. Therefore, USA Tank's objections were due January 12, 2015, the earlier of the two dates.

In a case from this District, the court recently declined to find a non-party's objections to a subpoena waived on the basis they were untimely filed.[8] In *Ficep*, the court did not find a non-party to have waived his objections to the subpoena even though the objections were more than three weeks late.[9] The court found that there was no indication that the subpoenaed entity had

---

[8] *Ficep Corp. v. Haas Metal Eng'g, Inc.*, No. 14-243-CM, 2015 WL 566988, at *1 (D. Kan. Feb. 11, 2015).

[9] *Id.*

acted in bad faith.[10]  The court additionally found that the exhibits submitted in support of the motion and response showed that the plaintiff and the subpoenaed entity had been in regular contact attempting to reach a compromise regarding the inspection, prior to the time the subpoenaed party challenged the legal basis for the subpoena.[11]  The *Ficep* court noted that some courts have recognized that "[i]n unusual circumstances and for good cause, . . . the failure to act timely will not bar consideration of objections."[12]  Such unusual circumstances have been found in cases where (1) the subpoena was overbroad on its face and exceeded the bounds of fair discovery, (2) the subpoenaed witness was a nonparty acting in good faith, and (3) counsel for the witness and counsel for the subpoenaing party were in contact concerning the witness' compliance prior to the time the witness challenged the legal basis for the subpoena.[13]

     In this case, the Court declines to hold that USA Tank's objections to Plaintiff's subpoena are waived based upon its one-day delay in filing its objections.  The circumstances of the case weigh against a strict application of Rule 45(d)(2)(B)'s 14-day deadline for filing objections to a subpoena. The Court notes that USA Tank is a non-party, and it filed its objections by the time specified for compliance in the subpoena; therefore, the objections are only untimely by virtue of the "earlier of" provision in Rule 45(d)(2)(B).  Plaintiff was not prejudiced by the one-day delay and there is no suggestion that USA Tank was acting in bad faith.  Under these circumstances, the Court concludes that USA Tank has not waived its right to object to Plaintiff's subpoena.

---

[10] *Id.*

[11] *Id.*

[12] *Ficep*, 2015 WL 566988, at *1 (quoting *Premier Election Solutions, Inc. v. Systest Labs Inc.*, No. 9–1822, 2009 WL 3075597, at *4 (D. Colo. Sept. 22, 2009)).

[13] *Id.* (citing *Am. Elec. Power Co. v. United States*, 191 F.R.D. 132, 136–37 (S.D. Ohio 1999); *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 48 (S.D.N.Y. 1996)).

**IV.     Subpoena Document Requests Still in Dispute**

    **A.     Subpoena Request No. 1**

Subpoena Request No. 1 asks for "[c]ommunication between you and [Defendant] Haight regarding Mr. Haight's contractual obligations to [Plaintiff] Tank Connection not to disclose Tank Connection's trade secrets." USA Tank objects to the Request as overly broad and seeking documents not reasonably calculated to lead to the discovery of admissible evidence. It further objects that there is no claim or evidence that it engaged in any wrongdoing or that it was restricted from hiring Haight. It also objects to the Request's use of the terms "regarding," "contractual obligations" and "Tank Connection's trade secrets," arguing that these terms render the Requests imprecise, vague and ambiguous. Finally, USA Tank objects that, to the extent the Requests seek documents prior to Defendant Haight's employment with USA Tank, any responsive correspondence is obtainable from Haight.[14]

Fed. R. Civ. P. 45(d)(1) requires the party or attorney responsible for issuing and serving a subpoena to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." The Court must enforce this duty.[15] Rule 45(d)(2)(B) permits a subpoenaed party to serve written objections to the subpoena. The party serving the subpoena, on notice to the subpoenaed party, may move the court for an order compelling production or inspection sought by the subpoena.[16] "[T]he order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance."[17]

---

[14] Objs. of Non-Party USA Tank (ECF No. 117-2).

[15] Fed. R. Civ. P. 45(d)(1).

[16] Fed. R. Civ. P. 45(d)(2)(B)(i).

[17] Fed. R. Civ. P. 45(d)(2)(B)(ii).

6

The scope of discovery under a subpoena is the same as the scope of discovery under Rule 26(b) and Rule 34.[18] Thus, the Court must examine whether a request contained in a subpoena duces tecum is overly broad or seeking irrelevant information under the same standards set forth in Rule 26(b) and as applied to Rule 34 requests for production.[19]

The Court overrules USA Tank's objections to Subpoena Request No. 1. The Court previously advised the parties at the February 18, 2015 Status Conference that it did not find this Subpoena Request to be objectionable. The Request seeks documents relevant to whether Defendant Haight and his subsequent employer knew and communicated about Haight's non-disclosure obligations with respect to Plaintiff's confidential and proprietary information. The Court also does not find the terms "regarding," "contractual obligations," and "Tank Connection's trade secrets" to be imprecise, or vague and ambiguous. The party objecting to discovery as vague and ambiguous has the burden to show such vagueness or ambiguity.[20] A party responding to a discovery request should exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized in the discovery requests.[21] In this case, USA Tank should be able to use reason and common sense to determine the meaning of these terms.

With respect to USA Tank's argument that the documents are obtainable from Defendant Haight, the Court finds this argument unpersuasive when viewed in light of Haight's similar objections to Plaintiff's motion to compel the discovery from him, in which he claims the

---

[18] *Transcor, Inc. v. Furney Charters, Inc.*, 212 F.R.D. 588, 591 (D. Kan. 2003).

[19] *Id.*

[20] *Pulsecard, Inc. v. Discover Card Servs., Inc.*, 168 F.R.D. 295, 310 (D. Kan. 1996).

[21] *See id.* ("Respondents should exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized in interrogatories."); *Moss v. Blue Cross & Blue Shield of Kan., Inc.*, 241 F.R.D. 683, 697 (D. Kan. 2007) (party responding to discovery "must show that more tools beyond mere reason and common sense are necessary 'to attribute ordinary definitions to terms and phrases utilized'").

documents are not in his possession, custody, or control.  Defendant Haight and his employer, USA Tank, cannot both claim the documents are obtainable from the other and therefore evade their obligations to produce responsive documents.  Plaintiff's Motion to Compel with respect to Subpoena Request No. 1 is therefore granted.

### B.      Subpoena Request No. 2

Subpoena Request No. 2 seeks "[c]ommunication between you and John Haight regarding his recruitment and prospective employment by USA Tank."  USA Tank asserts similar objections that it asserted in response to Request No. 1, namely that the Request is overly broad, seeks documents not reasonably calculated to lead to the discovery of admissible evidence, and the requested documents are obtainable from Defendant Haight.

Although the Court initially indicated to the parties that Subpoena Request No. 2 was not objectionable, upon further review of Rule 45(d), the Court sustains USA Tank's overly broad and relevance objections.  The Request is overly broad because it is not limited to Haight's responsibilities, requirements, and/or incentives to generate or develop clients, work, or projects for USA Tank.  This Request requires USA Tank to produce many communications that are not relevant to the misappropriation claims in this case. To the extent that relevant documents exist and are in USA Tank's possession, these documents can be obtained through Subpoena Request No. 1 or other requests the Court is allowing and has not restricted.  Pursuant to Rule 45(d)(1), the Court must ensure reasonable steps are taken to avoid imposing undue burden or expense on the subpoenaed entity USA Tank.  Plaintiff's Motion to Compel with respect to Subpoena Request No. 2 is therefore denied.

C.     **Subpoena Request No. 3**

Subpoena Request No. 3 asks USA Tank to produce Defendant Haight's personnel file. USA Tank objects to this request on the grounds that it is overly broad and seeks documents not reasonably calculated to lead to the discovery of admissible evidence.  It asserts that Defendant Haight's personnel file is immaterial to Plaintiff's purported claims against Haight, and this Request is merely a fishing expedition intended to harass USA Tank.

The Court sustains USA Tank's overly broad and relevancy objections to Subpoena Request No. 3, except to the extent documents contained in Haight's personnel file are subject to production pursuant to other permissible requests for production.  The Court previously advised the parties at the February 18, 2015 Status Conference that this Subpoena Request appeared too broad.  The Court confirms its initial impression that Subpoena Request No. 3 is overly broad. Because the relevancy of the Request is not apparent to the Court, Plaintiff has the burden to demonstrate the relevancy of the requested discovery.[22]  Plaintiff has failed to show how Haight's USA Tank personnel file is relevant to the claims in this case.  Finally, to the extent relevant information may exist in Defendant Haight's personnel file with USA Tank, such documents may be obtained through other requested sources, such as Defendant Haight himself. Plaintiff's Motion to Compel with respect to Subpoena Request No. 3 is denied.

---

[22] *See In re POM Wonderful, LLC, Mktg. & Sales Practice Litig.*, No. 13-MC-217-CM-TJJ, 2014 WL 333576, at *3 (D. Kan. Jan. 29, 2014) (identifying the burdens of proof with respect to relevance and overbreadth objections to subpoena document production requests—when the relevancy of the subpoenaed discovery is not apparent, the party seeking the discovery has burden to show relevancy).

D.   **Subpoena Request No. 5**

Subpoena Request No. 5 seeks "[d]ocuments exchanged between USA Tank and John Haight regarding [Plaintiff] Tank Connection." USA Tank objects to this request on over breath and relevancy grounds. It further objects that:

> [t]he term "regarding" is imprecise, vague and ambiguous. USA Tank objects to this request to the extent it seeks confidential, proprietary, sensitive commercial and/or financial information, and/or trade secret information of USA Tank. To the extent this request seeks documents prior to Haight's employment with USA Tank, any responsive correspondence is obtainable from Haight. Subject to and without waiving these objections, USA Tank states that it produced multiple data storage devices pursuant to Court order when USA Tank was an improper "party" to the above referenced lawsuit as a "relief defendant." In further response, USA Tank states that [Plaintiff] Tank Connection searched the data storage devices and no Tank Connection data resided on the devices.

USA Tank argues that because it is a competitor with Plaintiff, it likely would have discussed Plaintiff because it discusses all of its competitors at some point. It contends that whether Defendant Haight and it exchanged documents "regarding Tank Connection" has no bearing on the current litigation, and this request appears to seek information about what USA Tank may have known or done, which is not relevant to Plaintiff's claims against Haight.

Plaintiff admits that Subpoena Request No. 5 is broad, but argues that it is broad for a purpose, and broadness per se is not objectionable. It points out that the confidentiality objection is easily resolved by the protective order in this case. It argues that the fact that three USA Tank data storage devices have been provided to the Receiver is not a valid objection to the Subpoena.

The Court previously advised the parties at the February 18, 2015 Status Conference that, based upon its preliminary review, it did not find Subpoena Request No. 5 objectionable. However, after further review of the motion and briefing, the Court finds the Request for documents exchanged between Defendant Haight and USA Tank "regarding Tank Connection" is too broad. The Request also lacks any time period limitation. The Court therefore sustains

USA Tank's overbreath objection to Subpoena Request No. 5 in part and limits the Request to documents exchanged between Defendant Haight and USA Tank that reflect, mention, or discuss Plaintiff Tank Connection's confidential and proprietary information, such as designs, design processes and programs, design methods and techniques, assembly methods, processes, and techniques, pricing, pricing methods and supporting software, costing, vendor lists, customer lists and contacts, engineering and design documents, business plans, budgets, pending jobs which are also known as "hot lists," requests for proposals, requests for bid, prospect lists, bid information, financial information, personnel, compensation and bonus plans, strategies, corporate strategies, corporate strategy meeting notes, marketing strategies, business strategies, and other unique methods of doing business,[23] for the time period January 1, 2013 to September 30, 2013. Plaintiff's Motion to Compel with respect to Subpoena Request No. 5 is therefore granted, but with the limitations set forth above.

### E.   Subpoena Request No. 6

Subpoena Request No. 6 asks USA Tank to produce "[e]mail correspondence between USA Tank and John Haight from January 1, 2013 through September 30, 2013." USA Tank asserts overbreadth and relevancy objections to this request, arguing that there "is no claim in the above-referenced lawsuit that USA Tank engaged in any wrongdoing whatsoever or that USA Tank was restricted from hiring Haight. This is a fishing expedition intended to harass USA Tank. USA Tank objects to the request because any responsive correspondence is obtainable from Haight."

---

[23] This language is the same language used in Plaintiff's First Request for Production of Documents No. 16, served upon Defendant Haight.

USA Tank argues that Plaintiff fails to explain why the requested correspondence cannot be obtained from Defendant Haight, who is a party.  This correspondence would have predated USA Tank's employment of Haight, and would have been sent to Haight's personal e-mail account or otherwise be in the possession of Haight. Therefore, USA Tank argues there is no compelling reason to burden it with producing the requested discovery when the discovery is readily available from a party.

Plaintiff claims that the documents sought by Subpoena Request No. 6 are "vitally important" because confidential, proprietary information belonging to it would have been exchanged between Defendant Haight and USA Tank preceding his September 12, 2013 resignation from Plaintiff's employment.  If information was exchanged, that would be the only opportune time to do it. The discovery of the unauthorized accessing of confidential documents by Haight was made shortly after his September 12 departure to work for USA Tank. The motive and opportunity to act occurred before September 12.  According to Plaintiff, this is a prime time for its confidential information to be compromised.  Plaintiff also points out that USA Tank does not explain why producing nine months of emails exchanged with one candidate for employment would be unduly burdensome.

The Court sustains USA Tank's overly broad objection in part.  The Court previously advised the parties at the February 18, 2015 Status Conference that this Subpoena Request appeared too broad and needed to be significantly narrowed.  The Court confirms its initial impression that the Request is overly broad on its face and, therefore, limits this Request to email correspondence that reflects, mentions, or discusses Plaintiff's confidential and proprietary information, as defined above for Subpoena Request No. 5.  USA Tank has not shown how producing nine-months of email correspondence between it and Defendant Haight would be

unduly burdensome, and thus that objection is overruled. With respect to USA Tank's objection that there is no compelling reason to burden USA Tank with producing these emails when the requested discovery is readily available from a party, the Court generally agrees with the premise that discovery should first be obtained from a party before resorting to seeking it from a non-party. However, in this case, Defendant Haight has failed to produce the requested email correspondence and has asserted his own objections to producing the requested discovery. Plaintiff's Motion to Compel with respect to Subpoena Request No. 6 is granted, but limited to responsive email correspondence that reflects, mentions, or discusses Plaintiff's confidential and proprietary information as defined above in Subpoena Request No. 5.

### F.     Subpoena Request No. 7

Subpoena Request No. 7 seeks the production of "[a]ll documents, including email communication, that relate or pertain to any bids provided by USA Tank to Abeco Tanks from September 1, 2013 through the present." USA Tank objects to this request as overly broad and seeking documents not reasonably calculated to lead to the discovery of admissible evidence. It also objects to the phrase "relate or pertain to" as being imprecise, vague and ambiguous. USA Tank's final objection is that the Subpoena Request improperly seeks its confidential, proprietary, sensitive commercial and/or financial information, and/or trade secret information.

Plaintiff argues that Subpoena Request No. 7 relates specifically to a mutual customer and is facially relevant. It argues that asking for emails pertaining to USA Tank's bids to a mutual customer is relevant because it is reasonable that one of its customers would be a likely sales prospect for former employee Haight. Therefore, requesting information regarding that sales activity about a mutual customer is a proper request.

The Court sustains USA Tank's relevance objections as the Court fails to see the relevance of communications pertaining to bids that USA Tank provided to Abeco Tanks. The relevance is not facially apparent and Plaintiff has not otherwise shown how the requested discovery would be relevant to its claim that Defendant Haight misappropriated its confidential and proprietary information. Plaintiff's justification for the request is too speculative. The Court also sustains USA Tank's objection to this request to the extent it seeks its confidential, proprietary, sensitive commercial and/or financial information, and/or trade secret information. As Plaintiff and USA Tank are competitors, requiring USA Tank to produce documents pertaining to any bids that it provided to customer Abeco Tanks, could give Plaintiff a competitive advantage over USA Tank in future bids with that customer. Although an attorneys' eyes only provision in a protective order could arguably address this concern,[24] the speculative relevance of the Request justifies denial of Plaintiff's Motion to Compel with respect to Subpoena Request No. 7.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion to Compel Compliance with Production Subpoena to a Non-Party (ECF No. 117) is granted in part and denied in part, as set forth herein. **Within thirty (30) days of the date of this Memorandum and Order**, USA Tank shall produce documents responsive to Subpoena Request Nos. 1, 5, and 6, *subject to the limitations herein*. The remainder of the motion is denied.

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas, on this 5th day of June 2015.

*s/ Teresa J. James*
Teresa J. James
United States Magistrate Judge

---

[24] The existing Protective Order (ECF No. 71) does not contain an attorneys' eyes only provision.