IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TANK CONNECTION, LLC,

    Plaintiff,

v.                                    Case No. 6:13-cv-01392-JTM

JOHN R. HAIGHT,

    Defendant.

## MEMORANDUM AND ORDER

This matter is before the court on defendant John Haight's motion for attorney's fees. (Dkt. 160). Haight alleges that Tank Connection's claim of trade secret misappropriation was made in bad faith, and he seeks an award of attorney's fees pursuant to K.S.A. § 60-3323. In response, Tank Connection argues that no fees are warranted because it had a good faith belief that Haight misappropriated its trade secrets. Dkt. 168 at 2. It also contends the amount of fees sought by Haight is unreasonable. For the reasons that follow, the court finds that plaintiff's motion for attorney's fees should be denied.

**I. Standard**

Under the Kansas Uniform Trade Secrets Act, the court may award reasonable attorney's fees to the prevailing party if a claim of misappropriation was made in bad faith. K.S.A. § 60-3323. *Cf. ICE Corp. v. Hamilton Sundstrand Corp.*, 432 Fed.Appx. 732, 2011 WL 3235723 (10th Cir., July 29, 2011) (applying Kansas law in determining award of attorney's fees under KUTSA). Kansas state courts have not yet made clear what bad

faith is in this context. *See Bradbury Co., Inc. v. Teissier-DuCros*, 2005 WL 2972323, *3 (D. Kan., Nov. 3, 2005) (predicting Kansas courts would define bad faith under the KUTSA as a frivolous action or one brought with no supporting evidence). Other courts applying the Uniform Trade Secrets Act (UTSA), however, have addressed what the standard requires. For example, in *Contract Materials Processing, Inc. v. Kataleuna GmbH Catalysts*, 222 F.Supp.2d 733, 744 (D. Md. 2002), the court said that to recover attorney's fees "there must be 'clear evidence that the action [was] entirely without color and taken for other improper purposes amounting to bad faith.'" It also cited "persuasive" California cases saying that bad faith exists when the court finds (1) objective speciousness of the plaintiff's claim and (2) plaintiff's subjective misconduct in bringing or maintaining a claim for misappropriation of trade secrets. *Id.* (citing cases). Other courts have similarly endorsed a two-part test requiring both a lack of objective support for the claim and evidence of subjective misconduct by the plaintiff. *See Krafft v. Downey*, 2013 PA Super 119, 68 A.3d 329 (Pa. Super.), *appeal denied,* 83 A.3d 169, 623 Pa. 757 (2013); *Hill v. Best Medical Int'l., Inc.*, 2011 WL 6749036 (W.D. Pa., Dec. 22, 2011). Because the UTSA is to be interpreted so as to foster uniformity, the court concludes that Kansas courts would likely adopt the prevailing two-part test identified by these other jurisdictions. *See* K.S.A. § 60-3327 ("This act shall be applied and construed to effectuate its general purpose to make the law with respect to the subject of this act among states enacting it.").

**II. Discussion**

Tank Connection alleged that Haight was liable under the KUTSA because he accessed and downloaded what he knew to be trade secret information. Dkt. 151 at 8. It sought injunctive relief "to prevent further disclosure," exemplary damages and attorney's fees, and compensation for the value of its tank design and pricing program. *Id.* at 10. The court ultimately granted summary judgment to Haight on the misappropriation claim solely on the basis of a lack of evidence that Tank Connection suffered actual damages or irreparable harm from the alleged misappropriation. Dkt. 158 at 14. In so finding, the court was forced to address an apparent split of authority as to whether the costs of a forensic examination could be considered compensable damages under the KUTSA. *Id.* at 16 ("other jurisdictions interpreting the Uniform Trade Secrets Act have adopted differing treatment of such costs"). Although the court ultimately rejected the view that Tank Connection's investigative costs amounted to damages, Tank Connection had both an objective legal basis and a subjective factual basis for arguing and believing otherwise.

In arguing that Tank Connection knowingly filed or maintained an unsubstantiated claim, Haight also overlooks or unjustifiably discounts some of the uncontroverted facts on summary judgment. For example, it was uncontroverted that Haight copied a number of Tank Connection's proprietary documents to a flash drive shortly before his departure to a competitor, that he may have done so with an improper purpose, and that he ultimately failed to account for the whereabouts of that flash drive. Notwithstanding the court's conclusion that these facts could not support a

finding that Haight actually disclosed trade secrets to Tank Connection's competitor, this does not mean Tank Connection's misappropriation claim was objectively specious or that Tank Connection did not subjectively believe it had a claim. Haight's own actions gave Tank Connection a reason to believe it had a claim against him. Moreover, the court denied Tank Connection's claim for injunctive relief in significant part because the passage of time rendered it unlikely that a future disclosure by Haight would cause Tank Connection irreparable harm. Dkt. 158 at 19. That hardly amounts to a finding that Tank Connection's claim lacked any objective basis.

Haight has failed to make the required showing for attorney's fees in this case, either as to the objective or subjective component of a bad faith claim.

**IT IS THEREFORE ORDERED** this 2nd day of May, 2016, that defendant John Haight's Motion for Attorney's Fees (Dkt. 160) is DENIED.

                                             ___s/ J. Thomas Marten_____
                                             J. THOMAS MARTEN, JUDGE